# Ewing  *v.*  Wofford.

*Motion to have Sale of Lands under Execution*
*set aside.*

1. *Pleading and practice; how motions considered on appeal; bill of exceptions.*—The motion docket of the circuit court is not a record of that court, and a ruling by said court upon a motion spread upon the motion docket can not be reviewed on appeal, unless the motion is incorporated in the bill of exceptions, or the transcript shows that said motion was enrolled upon the records of the circuit court by an order thereof; and it is not sufficient for the presentation of the ruling upon said motion that copies of the motion appear in the transcript.

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. J. A. BILBRO.

On April 10, 1897, the appellee, Thomas J. Wofford, Jr., filed in the circuit court of Etowah county, a motion asking the court to set aside the sale of certain lands made by the sheriff under the levy of an execution on March 18, 1895, which execution was issued on a judgment recovered by the appellant against the movant, alleging in said motion that prior to the levy of said execution, the movant had filed in the probate office of Etowah county, a declaration and claim to said lands as exempt to him under the constitution and laws of Alabama as a homestead. This motion nowhere appears in the bill of exceptions contained in the transcript on this appeal, nor does it appear from said transcript that the motion was enrolled upon the records of the court. The judgment entry recites that the motion was granted, and that the sale was set aside and annulled. It is from this judgment that the present appeal is prosecuted. Under the opinion, it is unnecessary to set out in detail any of the evidence shown by the bill of exceptions to have been adduced on the hearing of the motion.

OLIVER R. HOOD, for appellants.—The motion was properly inserted in the record, inasmuch as the judgment entry of the court referred to said motion, and made it a part of said judgment entry.—*Jones v. Howell,* 16 Ala. 695; *Fortune v. State Bank,* 4 Ala. 388; *Lewis v. Dubose,* 29 Ala. 219. Again, the court below by its judgment could have made said motion a part of the record. *Waring v. Gilbert,* 25 Ala. 295.

GEORGE D. MOTLEY, *contra.*—The motion docket is no part of the record, and the bill of exceptions does not set out the motion, but the motion is inserted in the transcript by the clerk, which does not make it a part of the record. Inasmuch as the motion is not set out in the bill of exceptions, this court can not know what it was, or whether the court ruled correctly thereon; it is not before them.—*Wiggins v. Witherington,* 96 Ala. 535; *Lienkauff v. Tuscaloosa &c. Co.,* 99 Ala. 619; *Baker v. Swift,* 87 Ala. 530.

TYSON, J.—An examination of the transcript in this case discloses that the motion inserted therein was upon the motion docket, and it nowhere appears in the bill of exceptions, or that it was enrolled upon the records of the court. This court has uniformly held that the motion docket of the circuit court is not a record of that court, and that the only method by which the ruling of the lower court upon a motion can be reviewed by this court, is by incorporating the motion in a bill of exceptions, or by having the transcript show that it was enrolled upon the records of the circuit court by an order thereof.—Rule of Practice, No. 2, Code, 1896, p. 1195 (Code, 1886, p. 807) ; *Ex parte Highland Ave. & Belt Railroad Co.,* 105 Ala. 221; *Richmond & Danville Railroad Co. v. Jones,* 102 Ala. 212; *Lienkauff & Strauss et al. v. Tuscaloosa Sale & Advancing Co.,* 99 Ala. 619; *David v. David's Admr.,* 66 Ala. 139; *Waring v. Gilbert,* 25 Ala. 295. The fact, as insisted by appellant, that a copy of the motion appears in two other places in the transcript can avail him nothing, since these two copies are the ones issued and served upon the respondents, and

[Griffin v. Head.]

should have appeared in the bill of exceptions.—*James et al. v. Moseley et al.*, 47 Ala. 299; *Barclay's Admr. v. Barclay*, 42 Ala. 345; *Connoly v. Ala. & Tenn. Rivers Railroad Co.*, 29 Ala. 373, and authorities cited.

The judgment entry in the transcript refers to the motion, but fails to set out the grounds thereof. There is not enough recited in it for this court to determine what issues were presented by the motion.

As we are precluded under the authorities cited above from considering the motion, we are unable to determine whether the evidence recited in the bill of exceptions was admissible under the issues presented to the circuit court for decision, or whether it was sufficient to support the judgment. For the same reason we are unable to say there was error in granting the motion as shown by the judgment entry.

Judgment affirmed.