125  119
e136  421

# *Ex Parte* James.

### *Application for Mandamus.*

1. *Construction of statute regulating practice in city court of Birmingham.*—Under the provisions of the act to amend the act establishing the city court of Birmingham, (Acts of 1888-89, p. 992), a motion in said court to set aside a judgment in a case therein rendered, must be made and brought to the attention of the court within thirty days from the rendition of such judgment; and where a party cast in a suit in said city court spreads his motion on the motion docket, within the thirty days, but does not call it to the attention of the court until the thirty-first day after the rendition of the judgment, the court has no power to pass upon such motion, and properly declines to consider it; and the fact that the thirtieth day expired on Sunday, does not give the court the right to consider such motion.

This was a petition filed in this court by L. D. James, asking for a writ of *mandamus,* addressed to the judge of the city court of Birmingham, requiring him to set aside an order in which he declined to consider a motion made by the petitioner. The facts of the case are sufficiently stated in the opinion.

B. M. ALLEN, for petitioner.

PERDUE & COLE, *contra,* cited *Ex parte Highland Ave. & B. R. R. Co.,* 105 Ala. 221; *Allen v. Elliott,* 67 Ala. 437.

TYSON, J.—Section 20 of the act approved February 28, 1889 (Acts, 1888-89, p. 1000), entitled "An act to amend an act entitled an act to establish the city court of Birmingham, approved December 9, 1884," provides "that final judgments and decrees rendered in said court shall, after the expiration of thirty days from their rendition, be taken and deemed as completely beyond the control of the court, as if the term of said court at which said judgment and decrees are rendered had ended at the end of thirty

days; *provided, however,* that nothing herein contained, shall prevent parties from applying for new trials or rehearings *within said thirty days,* or destroy or change the effect of motions for new trials or rehearings when so made, or shall prevent parties from applying to said court for a rehearing under the statute authorizing applications for rehearing in the circuit court, or shall prevent the court from re-trying any cause under section 2871 of the Code of Alabama, or shall prevent the court from the exercise of any power or jurisdiction conferred upon the circuit court touching final judgments, or the chancery court touching final decrees."

On the 8th day of December, 1899, the presiding judge of the city court rendered a judgment dismissing a suit brought by this petitioner against the Shady Grove Baptist Church for want of prosecution. On the 3d day of January, 1900, the petitioner filed a motion in said city court to set aside this judgment. On the 6th day of January, 1900, written notice of the motion and the affidavits filed in support of it was served upon the attorney of record for the defendant. On the 8th day of January, 1900, the motion was presented to the court for consideration. It was not until this latter date that the motion was brought to the attention of the court. On the objection of the defendant, the court declined to consider it upon the ground that more than thirty days had elapsed since the rendition of the judgent of dismissal.

If thirty days had elapsed, there can be no serious doubt but that the court had no jurisdiction to disturb the judgment upon any of the grounds alleged in the motion.—*Ex parte Highland Avenue & Belt Railroad Co.,* 105 Ala. 221. We do not understand that petitioner's counsel controvert this proposition. His contention is, that as the 30th day expired on Sunday it must be excluded, and he had the next day in which to present his motion. The act makes no such exception, and section 11 of the Code has been construed by this court in *Allen v. Elliott,* 67 Ala. 432, as not supporting the contention. It was said in that case, speaking of this section: "The statute, we think, was intended merely as a reaffirmation of the common law rule, that, while Sun-

days are generally to be computed in the time allowed for the performance of an act, if the last day happens to be *Sunday*, it is excluded, and the act must be performed on the day previous."

Whatever of merit there may be in the assault made upon the soundness of this construction of the statute, we are unwilling at this late day to depart from it, as the statute has twice been re-enacted by the General Assembly since the rendering of the opinion in that case.

The writ of *mandamus* must be denied.