# Hollis *v.* Herzberg Bros,

## *Proceedings to revive Judgment.*

1. *Judgment by default on scire facias; presumption on appeal.*
   On an appeal from a judgment by default on *scire facias*
   where the certificate of the clerk of the lower court recites
   that the record certified to the appellate court. "contains a
   full and complete transcript of the record and proceeding in
   the cause," but such record fails to set out the *scire facias*
   and does not show that there was a continuance of the pro-
   ceedings at a former term, it will not be presumed, for the
   purpose of supporting the judgment that the *scire facias* had
   been returned to and continued at the preceding term; but,
   on the contrary, it will be considered on appeal that the
   judgment appealed from was rendered on the first day of
   the term at which the *scire facias* was returned.
2. *Same; can not be rendered on first day of term to which writ is*
   *returned.*—A judgment by default on *scire facias*, reviving a
   dormant judgment, can not be rendered on the first day of
   the term of the court at which the *scire facias* is returned,
   thereby depriving the defendant of his right to plead within
   the time fixed by the rules of practice in the circuit and in-
   ferior courts. (Rules of Practice, 6, Code, p. 1196.)

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. A. H. ALSTON.

The appeal in this case is prosecuted by the defend-
ant in the court below from a judgment reviving a
dormant judgment previously recovered against the
defendant. The judgment appealed from was in words
and figures as follows: "On this the 6th day of No-
vember, 1899, came W. I. Herzberg and L. L. Herz-
berg, partners, doing business under the name and
style of Herzberg Bros., and shows to the court that
on the 24th day of July, 1886, H. Herzberg recovered
in the circuit court of Etowah county judgment against
J. P. Hollis for the sum of one hundred and twenty-
five and 55-100 dollars, besides costs of suit, with
waiver of exemptions as to personal property under

the constitution and laws of the State of Alabama, further, that said judgment has been transferred by said H. Herzberg to Herzberg Bros., who are now the assignees and owners of said judgment; further, that ten years elapsed between the issuance of execution on said judgment which is dormant, and, further, that defendant has never paid anything on said judgment, and that defendant has had due notice by *scire facias,* as provided by law, and the plaintiff moves the court to revive said judgment, and the defendant, who is a resident of this State, being now called comes not, but fails to appear and show cause why said judgment should not be revived, on motion of Herzberg Bros., owners and assignees of said judgment. It is ordered by the court that said judgment be revived and that W. I. Herzberg and L. L. Herzberg, partners, under the name of Herzberg Bros., assignees and owners, have execution thereon, with said waiver of exemptions endorsed thereon, together with the costs in this behalf expended."

The record in this court, which the clerk of the circuit court certified, contains "a full and complete transcript of the records and proceedings in the said circuit court" in said cause, set forth only the judgment recovered by H. Herzberg against J. P. Hollis, July 24, 1886, and the judgment of revivor as copied above.

GOODHUE & BLACKWOOD, for appellant.—Appellant's contention is that the judgment of revivor was erroneously rendered by default on the first day of the term, and defendant was thereby deprived of his pleading time as provided in rule six, Circuit Court Rules, page 1196, of the Civil Code.

This court will reverse a judgment by default entered before the expiration of the time allowed for the defendant to answer.—*Burt v. Scranton,* 1 Cal. 416; *Williamson v. Nicklin,* 34 Ohio St. 123; Freeman on Judgments, § 540; *Ex parte Howard-Harrison Iron Co.,* 119 Ala. 484.

In the absence of a record showing a continuance at a former term, this judgment can not be sustained

on the presumption that the *scire facias* was reurnable to a former term, because unless continued at former term it would not support a judgment by default.—*Ex parte North Eastern R. R. Co.,* 37 Ala. 679; *Evans v. Bank,* 13 Ala. 788; *Broughton v. Bank,* 6 Port. 48; *Armstrong v. Robertson,* 2 Ala. 164; *Gray v. Bank,* 11 Ala. 771.

GEORGE D. MOTLEY, *contra,* cited *Wright v. Dunklin,* 83 Ala. 317; *Webb v. Ballard,* 97 Ala. 584; Code of 1896, rule 6.

McCLELLAN, C. J.—The certificate of the clerk shows that the record before us "contains a full and complete transcript of the record and proceedings" of the circuit court on the *scire facias* of Herzberg Bros. against Hollis. The record does not show that there had been any continuance of the *scire facias* proceedings at the term of court prior to that at which the judgment of revivor now appealed from was rendered. The certificate must, therefore, be taken as negativing any such continuance; and in the face of it we cannot presume for the purpose of supporting the judgment of revivor that the *scire facias* had been returned to *and continued* at the preceding term so as to authorize a judgment by default on the first day of the current term. And the presumption that a *scire facias* had been issued, executed and returned to the preceding term would avail nothing in this connection unless the cause had been continued at that term. So then this record presents a case of a judgment by default taken on the first day of the term at which the *scire facias* was returned. The rule allows the defendant in such cases the first *two* days in which to plead; and its last clause cannot be construed so as to deny this right without entire practical emasculation of the rule itself. That clause is in these words: * * * "but either party may demand a trial at the return term although the court may not continue in session three days." The true construction of this provision is, in our opinion, that when the court has been in session

two days, or is in session on the second day, and the defendant has thus had an opportunity of pleading on the second day, the court may then, if it is not to be in session longer than the two days—if it is "not to continue in session three days"—require the parties at the instance of either of them to fully make up the issues on that day and proceed to trial, instead of giving force to the other provision of the rule to the effect that plaintiff may have the third day to reply or demur to defendant's plea and defendant may have the fourth day to rejoin or demur to plaintiff's replication, and so on. Thus construed the last clause of the rule is no warrant for a judgment by default on the first day of the term, even though the court "may not continue in session three days." So that the indulgence of the presumption that the circuit court did not continue in session three days would not support the judgment rendered by default on the first day. Our conclusion, therefore, is that it affirmatively appears by the record before us that the trial court erred in rendering judgment of revivor by default on the first day of the term.

Reversed and remanded.