# Craig *v.* Etheredge.

*Action of Detinue.*

1. *Pleading and practice; how motions considered on appeal.*—The motion docket of the circuit court is not a record of that court, and a ruling by said court upon a motion spread upon the motion docket can not be reviewed on appeal, unless the motion is incorporated in the bill of exceptions, or the transcript shows that said motion was enrolled upon the records of the circuit court by an order thereof.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. E. B. ALMON.

The appellant, J. N. Craig, brought an action of detinue against the appellee, B. T. Etheredge, in a justice of the peace court. From a judgment in favor of the defendant the plaintiff appealed to the circuit court. In the circuit court the appeal was dismissed on motion made by the defendant. From the judgment dismissing the appeal the present appeal is prosecuted.

The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

D. C. ALMON and KIRK & RATHER, for appellant.

C. M. SHERROD and W. T. LOWE, *contra.*

TYSON, J.—This appeal is prosecuted to review a judgment of the circuit court dismissing on motion an appeal to that court, from a judgment rendered by a justice of the peace. It is true the record contains a copy of a motion upon which the court is supposed to have acted when it rendered the judgment complained of. But it is not shown by the transcript that this motion had been enrolled upon the records of the circuit court by an order thereof. For aught appearing it was

simply copied into the transcript from the motion docket or from the paper on file upon which it was written. Until an enrollment it is no part of the records of that court and in order to make it a part of the record brought to this court, it must be incorporated in a bill of exceptions. This not having been done we are precluded from considering it. Without it before us, we cannot know upon what grounds the judge acted in rendering the judgment of dismissal.—*Ewing v. Wofford,* 122 Ala. 439, and authorities cited.

Affirmed.