# Anniston Electric & Gas Co. *v.* Cooper.

*Action to recover Damages for Wrongful Ejection from Car.*

1. *Bill of exceptions; when not shown to have been signed within the time allowed by order of court.*—Where there is an order of a trial court allowing the party cast in a suit thirty days from the date of said order for the preparation and signing of a bill of exceptions, and the bill of exceptions is not signed within said thirty days, but on the thirty-first day after said order, the court makes another order extending the time for the preparation and signing of the bill of exceptions, and the bill of exceptions is signed within the time fixed by said second order,—such bill of exceptions is not signed within the time allowed by law and must, on motion, be stricken from the record; and the fact that the thirtieth or last day of the period limited by the first order was Sunday, did not bring the latter order within the period of the first order.

2. *Same; same.*—When there is an order of the trial court allowing the party cast in a suit thirty days from the date of said order for the preparation and signing of the bill of exceptions, and it appears that the bill of exceptions was not signed within such time, but on the thirty-first day after said order the court makes another order extending the time for the preparation and signing of the bill of exceptions, and the bill of exceptions is signed within the time fixed by said second order, the recital in the bill of exceptions just before the signature of the judge that it is signed "within the time fixed by the order of the judge of said court therefor," does not overcome the facts as shown by the record and raise a presumption that said bill of exceptions was signed within the time allowed by law, so as to prevent its being stricken from the record on motion properly made.

APPEAL from the Circuit Court of Calhoun.
Tried before the Hon. JOHN PELHAM.

[Anniston Electric & Gas Co. v. Cooper.]

This was an action brought by the appellee against the appellant, to recover damages for the alleged wrongful ejection of the plaintiff from one of the defendants cars by a servant of the defendant and for assaults made upon the plaintiff by the defendant's servant in ejecting him from said car.

From a judgment in favor of the plaintiff the defendant appeals. In this court the appellee moved the court to strike the bill of exceptions from the record, upon the ground that it was not signed within the time prescribed by law. Just before the signature of the Judge of the bill of exceptions, it is recited that the bill of exceptions was "Signed by the Honorable John Pelham, Judge of the Seventh Judicial Circuit of Alabama who presided at the trial of said cause, on this the 8th day of January, 1902, within the time fixed by order of the Judge of said court therefor."

The other facts relating to this motion are sufficiently stated in the opinion.

The only assignments of error being based upon the rulings shown by the bill of exceptions, it is unnecessary to set out the facts of the case.

CALDWELL & JOHNSTON and E. H. HANNA, for appellant.—By section 11 of the Code of 1896, the thirtieth day from the date of making an order allowing thirty days for the preparation and signing of the bill of exceptions being Sunday, should be excluded. This being done, December 30th and not the 29th was the date on which the thirty days expired; and, therefore, the order of the judge extending the time still further was made before the expiration of the time granted by the previous order.—*Carlisle v. Goodwin,* 68 Ala. 137; *Reese v. State,* 73 Ala. 18; *Loose v. Vogel,* 80 Ala. 308; *Lehman v. Robinson,* 59 Ala. 219; *Ex parte Dunlap,* 71 Ala. 73; *Danger v. State,* 68 Ala. 296.

MATTHEWS & WHITESIDE, contra.—The motion to strike the bill of exceptions should be granted.—*Loosse v. Vogel,* 80 Ala. 308; *Allen v. Elliott,* 67 Ala. 432; *Rosson v. The State,* 92 Ala. 76; *Bass Furnace Co. v. Glasscock,* 86 Ala. 244; *Beal v. The State,* 99 Ala. 234.

McCLELLAN, C. J.—It has been the settled law in this State since the decision of the case of *Kitchen v. Moyc*, (17 Ala. 143), that it must *affirmatively* appear upon the record in this court that the bill of exceptions was signed within the time prescribed by law, else it will be stricken.

The bill in this case was not signed in term time; but the court on November 29, 1901, made this order: "And defendant is allowed thirty days within which to present, file and have signed a bill of exceptions." No bill was signed, filed or presented within the period thus allowed which expired, in usual course, December 29, 1901. But on the next day, December 30th, the judge of the circuit court in which the trial was had made and filed the following order: "It is ordered that the time for preparing and having signed the bill of exceptions in this case be and the same are hereby extended ten (10) days from this date." It is sought to bring this latter order within the period of the first by reference to section 11 of the Code in connection with the fact that December 29th, the last day of the period limited by the order of the court, was Sunday. That section provides: "The time within which any act is provided by law to be done must be computed by excluding the first day and including the last; if the last day is Sunday, it must also be excluded." The argument is, obviously, that December 29th being by terms of this statute excluded from the computation of thirty days, the next day Monday, December 30th, must be included to constitute the thirty day period allowed by the order. There is very great force in this contention as an original proposition. But it is not an original proposition in this court at this time. The position of appellant's counsel has been foreclosed against them by construction put upon this statute more than twenty years ago in a decision of this court and its subsequent reenactment with that construction as a part of it. In *Allen, Admr. v. Elliott et al. Admrs.*, 67 Ala. 432, this court declared: "The statute, we think, was intended merely as a reaffirmation of the common law rule, that, while Sundays

are generally to be computed in the time allowed for the performance of an act, if the last day happens to be *Sunday*, it is excluded, and the act must be performed on the day previous (Saturday);" and it was accordingly adjudged that the action was barred the last day for its institution being Sunday and it having been brought on the succeeding Monday. In the recent case of *Ex parte James,* 125 Ala. 119, it was held that the reenactment in the subsequent Codes of 1886 and 1896 of this statute without amendment served to *fix* this construction upon it beyond the power of judicial reconsideration. It follows that Judge Pelham's order of December 30, 1901, was made after the lapse of the period allowed in the order of court of November 29, 1901, and was consequently unauthorized and void; and further that the signing of the bill of exceptions on January 8, 1902, was not within the time prescribed by or in accordance with law.

If it were suggested—as it is not by counsel—that the order of November 29th should be construed to allow thirty days, not from its date but, from the adjournment of the court, one sufficient answer is that it would still not appear *affirmatively* that this thirty days period reached up and covered December 30th, since there is nothing to show but that the court in fact adjourned on the day the order was made, November 29th. To the contrary the affirmation of the judge is that the bill was signed on January 8th, 1902, "within the time fixed by the order of *the judge* of said court therefor," thus referring to his order of December 30th, 1901, which, as we have seen, was invalid. Had this order affirmed or had the judge stated at the close of the bill of exceptions that it, the order, was made within the time allowed by the order made by *the court* on November 29th, the bill would have been saved under the ruling in *Tarver v. State*, 34 So. Rep. 627, but no such statement of affirmation appears.

The bill of exceptions must, therefore, be stricken; and the only assignments of error made being based upon the bill of exceptions, the judgment must be affirmed.

Affirmed.