# Jones *v.* City of Anniston.

*Prosecution for violation of City Ordinance.*

| 138 | 199 |
|-----|-----|
| 139 | 176 |
| 138 | 199 |
| 141 | 244 |

1. *Pleading and practice; motion to strike pleadings and rulings thereon should be shown by bill of exceptions; appeal.*—Motions to strike pleadings or to quash, and the rulings of the court thereon, should be shown by bills of exception, and when not so shown, such rulings will not be reviewed on appeal; and, therefore, a ruling upon demurrer to a motion to quash, in the absence of a bill of exceptions, and when it is not shown that the motion is properly made a part of the record, will not be reviewed, although, the motion appears in the transcript as a part of the record.—(*Powell v. Henry,* 96 Ala. 412, in so far as it holds to the contrary, overruled.)

2. *Violation of city ordinance; when arrest without warrant constitutes no defense.*—Where the charter of a city confers express authority upon its police officers to arrest, without warrant, and to take into their custody, any person who shall commit, or attempt to commit, in their presence, any offense prohibited by the ordinances of said city, it is no defense to a prosecution for the violation of an ordinance of said city that the defendant was arrested without a warrant having

been issued for his arrest and without an affidavit having been made, charging him with the commission of the offense; and a plea setting up such fact presents no defense to such a prosecution, and is subject to demurrer.

APPEAL from the City Court of Anniston.

Tried before the Hon. THOMAS W. COLEMAN, JR.

A prosecution was commenced against the appellant, Hugh Jones, by his being arrested and brought before the recorder of the city of Anniston for carrying a pistol concealed about his person, in violation of an ordinance of said city. Upon his being tried and convicted by the recorder, an appeal was taken by the defendant to the city court of Anniston. In the city court a complaint was filed, against said Hugh Jones, in the name of the city of Anniston, charging him with having carried a pistol or other weapon, concealed about his person. There is contained in the transcript, as a part of the record, a motion to quash the arrest of defendant, upon the ground that such arrest was made without authority on the part of the policeman, making the arrest, and without a warrant and affidavit that the offense charged had been committed.

A demurrer was interposed to this motion, upon the ground that the matter and things stated in said motion presented no defense, at law, to the complaint against the defendant. The judgment entry recites that this demurrer was sustained. The defendant pleaded "not guilty" and the following special plea: "That the arrest for the alleged offense was made by policeman of the plaintiff, City of Anniston, without authority of law; without a warrant for defendant's arrest, and no affidavit had been made as required by law; and that he was tried and convicted in the plaintiff, City of Anniston, Mayor's court, without affidavit being made as required by law, and without warrant having been issued for his arrest, and without any charge being made against him, charging him with the offense of carrying concealed weapons, or any other charge." To this special plea, plaintiff demurred upon the following grounds: "(1.) For that it is no answer to the complaint filed against the defendant by the City of Annis-

ton. (2.) For that it is immaterial whether there was or was not a warrant sworn out against the defendant prior to his arrest. (3.) For that it is immaterial and no answer to the complaint filed against the defendant by the City of Anniston whether there was or was not an affidavit and warrant filed in the Mayor's court prior to the time of the trial of the defendant. (4.) Because the matters and things set out in said second plea do not state any matters of defense to the complaint filed by the plaintiff, and is no answer thereto." This demurrer to plea number two was sustained.

From a judgment in favor of the plaintiff, the present appeal is prosecuted, and the appellant assigns as error the sustaining of plaintiff's demurrer to defendant's motion to quash the arrest; the sustaining of plaintiff's demurrer to defendant's second plea and the rendition of judgment in favor of the plaintiff.

R. Y. STREET and T. C. SENSABAUGH, for appellant, cited *Wikle v. Johnson Laboratories*, 132 Ala. 268; 31 So. Rep. 717; *Miles v. State*, 94 Ala. 107; *Gambill v. Schmuck*, 131 Ala. 321; 31 So. Rep. 607.

F. L. BLACKMON, *contra*.

TYSON, J.—The defendant was tried and convicted by the recorder of the city of Anniston for a violation of an ordinance of that city. On appeal to the city court, a demurrer, as shown by the judgment entry, was sustained to a motion filed by him. What that motion was, in the absence of a bill of exceptions, we can not legally know. It is true it appears in the transcript, but it is not shown to be properly a part of the record of the court below, and therefore we cannot look to it. The judgment on demurrer, therefore, cannot be reviewed. *Craig v. Etheredge,* 133 Ala. 284; *Randall v. Wadsworth*, 130 Ala. 633; *Cottingham v. Greely-Barnham Co.*, 129 Ala. 200; *Stallworth v. The State, Ib.* 118; *Moulton v. L. & N. R. R. Co.*, 128 Ala. 537; *Cen. of Ga. R. Co. v. Joseph*, 125 Ala. 313; *Holley v. Coffee*, 123 Ala. 406; *Ewing v. Wofford*, 122 Ala. 439; *A. G. S. R. R. Co. v. Bailey*, 112 Ala. 167; *R. & D. R. R. Co. v. Jones*, 102

Ala. 212; *Frcider v. B. Goodman Manfg. Co.* 101 Ala. 242; *Stern v. Collier, Ib.* 424; *Wiggins v. Witherington,* 96 Ala. 535; *Hyder v. Adams,* 80 Ala. 111; *Tuscaloosa Manfg. Co. v. Mayor,* 38 Ala. 514. The only case we have been able, after diligent search, to find as opposed to the principle declared in these cases, is that of *Powell v. Henry,* 96 Ala. 412, in which it is held that "a motion to strike from a file a demurrer is itself a part of the pleading in the cause, constitutes a part of the record proper of the primary court and must be brought here as a part of the transcript of that record, and not as a mere statement of the presiding judge embodied in a bill of exceptions. This is clearly wrong and the case on that point must be overruled.

Under the charter of the city of Anniston (Acts of 1894-95, p. 1055), express authority is conferred upon the police officers of said city to immediately arrest without warrant and to take into custody any and all persons, who shall commit or attempt to commit, in their presence or in their view any offense prohibited by the ordinances of said city. It is also made the duty of the officer, upon such arrest, unless bond be given, to deliver such offender to the city guard house in order that he may be tried by the presiding officers of the mayor's court at its next sitting.

The demurrer to the special plea (numbered 2) of the defendant was correctly sustained. Whether the matter attempted to be set up, would in a proper case be proper matter for plea, we do not decide.

Affirmed.