[Barton v. Charter Gas Engine Co.]

# Barton *v*. Charter Gas Engine Co.

## *Detinue.*

(Decided Dec. 19, 1907.   45 South. 213.)

1. *Appeal; Judgment Appealable; Non Obstante Verdicto.*—Where the court renders a judgment for the plaintiff notwithstanding the verdict for defendant an appeal will lie from such a judgment.

2. *Same; Presumption to Support Judgment.*—In the absence of a bill of exceptions showing to the contrary, it will be presumed, on appeal, that it was conceded by the defendant in whose favor the verdict was rendered that the grant of the judgment notwithstanding the verdict was proper, under the rule that a reversal cannot follow unless error is affirmatively shown.

3. *Same; Bill of Exceptions; Necessity.*—Unless the court orders that a motion for a judgment notwithstanding the verdict shall be enrolled and made a part of the record, such a motion must be shown by a bill of exceptions.

4. *Same; Necessity of Exceptions.*—The acion of the court on the motion cannot be reviewed, even where the motion is shown by the judgment entry, unless exception is reserved -to the action by the court at the time and such exception preserved and shown by the bill of exceptions.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Action by the Charter Gas Engine Company against H. M. Barton in detinue to recover a gas engine and boat. From a judgment for plaintiff, defendant appeals.

Defendant failed to replevy the property within the time required by law, and plaintiff then filed bond and took charge of the property under the statute. On the trial judgment was rendered for defendant for the boat, together with the use and hire thereof. On motion this judgment was set aside, and a judgment rendered for plaintiff notwithstanding the verdict, for the engine and boat. There is no bill of exceptions with the record, and no statement as to what happened on the trial of the

motion, if one was had. The action of the court in rendering the judgment is assigned as error, as is the action of the court in rendering a final judgment against the defendant without ascertaining the amount of the mortgage indebtedness, as suggested by the appellant, and that the court erred in rendering the judgment final for the plaintiff, after granting a motion for a new trial, without having another trial before a jury. The other facts sufficiently appear in the opinion of the court.

ELMORE & HARRISON, and S. D. & J. B. WEAKLEY, for appellant. Counsel discuss the questions involved but cite no authority.

C. K. ABRAHAM, for appellee. No judgment of the court below is shown by the record to have been appealed from, and the appeal should be dismissed.—*Street, et al. v. Frank,* 136 Ala. 616; *Gaston v. Marengo Imp. Co.,* 139 Ala. 465. The exceptions to the granting of the judgment non obstante veredicto should be shown by bill of exceptions, and unless so shown this court will not review the action of the nisi prius court.—*Gaston v. Marengo Imp. Co., supra; Meyer v. Bloch,* 139 Ala. 174; *Jones v. City of Anniston,* 138 Ala. 199; *Craig v. Etheridge,* 133 Ala. 284; *Southern States L. Co. v. Greene,* 43 South. 102. A judgment non obstante veredicto may be given if there is an entire failure of evidence, or if the evidence shows as a matter of law that the verdict should be directed.—23 Cyc. 779 and note 96. The court below was authorized to render the verdict it did.—74 Ala. 338; 80 Ala. 195; 57 Ala. 1; 7 Ala. 451.

DENSON, J.—The plaintiff sued the defendant in an action of detinue to recover a gasoline engine and the boat on which the engine was erected. The property was seized; and, the defendant having failed to replevy, the

plaintiff replevied the property and held possession at the time of the trial. Upon the trial of the cause, on the issues joined before the jury, a verdict was returned in favor of the defendant for the boat. Its alternate value was assessed at $500, and the value of its hire or use at $712.55; and a judgment was renderel for the defendant according to the verdict, on the 1st day of May, 1906. On the 17th day of May, 1906, on motion of the plaintiff, the court set aside and annulled the judgment; and rendered a judgment in favor of the plaintiff for the boat notwithstanding the verdict. From that judgment this appeal is prosecuted.

The errors assigned embrace the setting aside of the judgment for the defendant and the rendition of the judgment for the plaintiff. There can be no question that the judgment appealed from is such a one as will support an appeal.—*Ex parte Pearce,* 80 Ala. 195. If we could look to the minute entry to determine the grounds upon which the motion was made and upon which the judgment veredicto non obstante was rendered, it would be found that neither was based on immateriality of issue presented by any of the pleas, but on the refusal of the court to give the general affirmative charge requested in writing by the plaintiff, and the giving of a like charge requested by the defendant, and on the failure of the proof to support a rejoinder filed by the defendant to a replication of the plaintiff to the pleas of the defendant.

The law applicable to judgments veredicto non obstante is stated in *Mudge v. Treat,* 57 Ala. 1, *Chapman v. Holding,* 60 Ala. 522, *Shippey v. Eastwood,* 9 Ala. 198, and *Ex parte Pearce,* 80 Ala. 195; and, in the state of the record as we find it here, it is not incumbent upon us to add anything on that subject. In other words, it is our duty to affirm the judgment, without regard to the

substantive law in respect to that subject. The case before us is without any bill of exceptions; hence we cannot know what occurred on the trial of the motion before the court, what evidence was submitted, or what admissions may have been made. It is our established practice that a reversal cannot follow unless error be affirmtively shown; and all presumptions not repelled by the record are indulged in favor of the rulings and judgments of the trial court, to uphold them. To this end, in the absence of a bill of exceptions, we may presume that on the trial of the motion it was conceded by the defendant that the judgment in his favor should be set aside and one rendered for the plaintiff, as was done.— *Mudge v. Treat,* 57 Ala. 1; *Smith v. Patton,* 128 Ala. 611, 30 South. 582; *Sanders v. Steen,* 128 Ala. 633, 29 South. 586; *Craig v. Etheridge,* 133 Ala. 284, 32 South. 65; *Toon v. Finney,* 74 Ala. 343; *Shafer v. Hausman,* 139 Ala. 237, 35 South. 691.

The foregoing discussion has proceeded upon the theory that we may look to the judgment entry to determine what the motion is; but the law is that motions must be shown by a bill of exceptions, unless they have been ordered enrolled and made a part of the record by the court. The record does not authorize us to hold that in this case such an order was made; hence the motion is not before us.—*Craig v. Etheridge,* 133 Ala. 284, 32 South. 65; *Ewing v. Wofford,* 122 Ala. 439, 25 South. 251; *Southern States Lumber Co. v. Green,* 152 Ala. 499, 43 South. 102. Moreover, if the judgment be grounded on a motion, and the motion is shown by the judgment entry, the action of the court on the motion cannot be reviewed, unless upon exception reserved thereto, which exception should be shown by a bill of exceptions. In other words, to present the action of the court on a motion, the motion must be shown by a bill of exceptions.

[Davis & Company v. Thomas.]

or be properly enrolled by order of the court; and it must be shown by a bill of exceptions that the complaining party reserved an exception to the ruling or judgment of the court on the motion.

On the foregoing considerations it inevitably follows that the judgment appealed from must be affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and SIMPSON, JJ., concur.