# O'Brien *v.* Brewer & Jones.

## *Assumpsit.*

(Decided May 16, 1911.　56 South. 49.)

*Appeal and Error; Record; Questions Presented.*—Where motion
to set aside a judgment and the court's action thereon was not re-
served by bill of exceptions (Sec. 2846, Code 1907), and was not di-
rected to be enrolled in the record, and was not enrolled, the action
of the trial court in overruling the motion cannot be reviewed on
appeal.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Assumpsit by Brewer & Jones against P. H. O'Brien.
Judgment for plaintiff and from an order overruling
motion for a new trial, defendant appeals. Affirmed.

[O'Brien v. Brewer & Jones.]

GOODWYN & ROSS, for appellant. The court should have permitted the motion to be amended.—*Ex parte H. A. & B. R. R. Co.,* 17 So. 182; Secs. 5366-7, Code 1907. The court erred in overruling appellant's motion to set aside the judgment nil dicit.—*Ex parte H. A. & B. R. R. Co., supra;* Sec. 5372, Code 1907.

FRANK S. WHITE & SONS, for appellee. The record does not present the action of the court on motion for review.—*Randle v. Worthington,* 141 Ala. 497; *So. S. L. Co. v. Green,* 152 Ala. 499; *Bassenburg v. Lawrence,* 160 Ala. 422; *Craig v. Etheridge,* 133 Ala. 284. The motion and the action thereon is not before this court in any manner.—*Barton v. C. G. P. Co.,* 154 Ala. 275; *R. & D. R. R. Co. v Jones,* 102 Ala. 212

PELHAM, J.—This is an appeal by the defendant in the court below from an order of the circuit court of Jefferson county, overruling a motion to set aside a judgment nil dicit rendered against defendant (appellant) in favor of the plaintiffs (appellees) and grant appellant a new trial.

The motion of appellant (the defendant in the circuit court) to set aside the judgment theretofore rendered is not set out in the bill of exceptions, in accordance with section 2846 of the Code of 1907, nor is the motion shown to have been enrolled upon the court's records by an order of the circuit court. Unless the motion is enrolled by order of the trial court, or set out in the bill of exceptions, this court is precluded from reviewing the ruling of the circuit court in overruling the motion. The Supreme Court has uniformly and unequivocally declared this rule in many cases.—*Wiggins v. Witherington & Co.,* 96 Ala. 535, 11 South. 539; *Lienkauff v. Tuskaloosa Co.,* 99 Ala. 619, 12 South.

918; *Ewing v. Wofford,* 122 Ala. 439, 25 South. 251; *Craig v. Etheredge,* 133 Ala. 284, 32 South. 65; *Randall v. Worthington,* 141 Ala. 497, 37 South. 594; *Barton v. Charter Gas Engine Co.,* 154 Ala. 275, 45 South. 213; and authorities cited in these cases.

Under the authorities above cited, we are precluded from considering the question, and the judgment denying the motion is accordingly affirmed.

Affirmed.