# Southern Railway Co. *v.* Graham.

### *Damage to Stock.*

(Decided April 18, 1912.   58 South. 672.)

*Appeal and Error; Bill of Exceptions; Necessity.*—To review an order quashing a writ of certiorari, it is essential that the order and the motion to quash be embodied in a bill of exceptions, and thus presented for review.

APPEAL from Clark Circuit Court.

Heard before Hon. John T. Lackland.

Action by John S. Graham against the Southern Railway for injury to stock. From a judgment quashing the writ of certiorari to bring up the case from the justice to the Circuit Court, the defendant appeals. Affirmed.

WILSON & TUCKER, for appellant. The court erred in quashing the writ.—*Hines v. Tribble,* 57 South. 265; *Gray v. Dean,* 3 Ala. 716; *Boyd v. Woodfin,* 3 Stew. 357; Section 3259, Code 1907.

JOHN S. GRAHAM, pro se. The court was without power to issue the writ, and hence, properly granted the motion to quash it.—Subd. 1, sec. 3259, Code 1907; 3 A. & E. Enc. of Law, 60; 75 Ala. 491; 63 Ala. 153.

[Birmingham Railway, Light & Power Co. v. Ozburn.]

PELHAM, J.—The appeal in this case is prosecuted from a judgment of the circuit court of Clarke county quashing, on motion of appellee (plaintiff in the trial court), the writ of certiorari by which the case was brought to that court from the court of a justice of the peace, and dismissing the proceeding in the circuit court. The record contains no bill of exceptions, nor does it show that an exception was reserved to the action of the court in granting the motion. To be reviewable here, the motion and the ruling thereon must be shown by bill of exceptions, and not being thus shown, an affirmation necessarily follows.—*City of Jasper v. Barton,* 1 Ala. App. 472, 56 South. 42; *Hooper v. State,* 141 Ala. 111, 37 South. 662; *Wilson v. State,* 136 Ala. 114, 33 South. 831; *Randall v. Wadsworth,* 130 Ala. 633, 31 South. 555; *Cottingham v. Greely,* 129 Ala. 200, 30 South. 560, 87 Am. St. Rep. 58; *Holley v. Coffee,* 123 Ala. 406, 26 South. 239.

Affirmed.