[Tuggle v. Wilson, et al.]

# Tuggle v. Wilson, et al.

## Settlement of Estate.

(Decided November 21, 1912.  60 South. 391.)

*Bill of Exceptions; Signing; Time.*—A proported bill of exceptions not presented to the presiding judge within ninety days after judgment entered as required by section 3019, Code 1907, will be stricken, the parties having submitted the appeal on motion to strike bill and on merits.

APPEAL from Jefferson Probate Court.

Heard before Hon. J. P. STILES.

Contest between Carrie A. Tuggle and Irene Wilson as to the division of the estate of Harry Wilson, deceased. From a judgment decreeing the estate to Irene Wilson Carrie Tuggle appeals. Bill of exceptions stricken and cause affirmed.

THOS. J. WINFIELD and JOSEPH E. ROBINSON, for appellant. If Lillian Wilson was the wife of Harry Wilson, then Carrie Tuggle as the sole legatee named in her will is entitled to receive the estate.—Section 3763, Code 1907. It will be presumed after a lapse of time that a prior marriage had been dissolved and a second marriage was therefore valid and the burden is on the party asserting the invalidity of the marriage.—19 A. & E. Enc'y of Law, 1208-9; 12 Am. St. Reps., 453; 55 Amer. Reps., 83. A presumption in favor of matrimony is one of the strongest known to the law. Authorities supra and 51 Amer. Reps. 742; 1 Bishop on Marriage and Divorce, section 457.

BONDURANT & SMITH, for appellee. Bill of exceptions in this case ought to be stricken because not pre-

sented to the trial judge within ninety days after judgment.—Section 3019, Code 1907; *McLeod v. Flournoy,* 57 South. 630; *Hartsell & Co. v. Wilhite,* 57 South. 129. An agreed statement of facts is no part of the record proper but must be shown by bill of exceptions.—*White v. Roe,* 151 Ala. 288. No error is assigned except such as are shown by the bill of exceptions and with the bill out an affirmance must necessarily follow.

McCLELLAN, J. What purports to be a bill of exceptions was "taken, approved, and filed" by the presiding judge on November 11, 1911. The final judgment, appealed from, was entered June 9, 1911. There does not appear to have been a *presentation* of the bill to the presiding judge within 90 days after judgment entered, as the statute (Code § 3019) requires.—*Edinburgh-American Land Mortgage Company v. Canterbury,* 169 Ala. 444, 53 South. 823.

The minutes of this court show that the parties appeared by attorneys and submitted the appeal on motion to strike the bill and on the merits. The motion to strike the bill must therefore prevail, and the purported bill of exceptions is, hence, stricken. The bill being stricken, no basis for errors assigned remains.

The decree of the probate court must, on this record, stand affirmed.

Affirmed. All the Justices concur.