# State, *ex rel.* Tate *v.* Powell.

## *Disbarment Proceedings.*

(Decided November 12, 1913. 63 South. 542.)

1. *Bill of Exceptions; Substitution; Loss.*—Where a bill of exceptions was lost after having been signed and filed, the only way in which it could be substituted was by a proceeding for that purpose instituted on notice to the adverse party under the provisions of sections 5739, Code 1907; hence, the filing of the 2nd bill which relator procured to be signed by the trial judge as and for the origi-

nal bill, reciting that it contained all the exceptions, etc., and was signed and filed within the time, was not effectual for any purpose.

2. *Record; Substitution; Lost Records.*—The power to substitute lost records is inherent in the court in which the record remains.

3. *Same; Evidence.*—The contents of lost court papers and records may be shown by parol in an attempt to substitute such a lost record.

4. *Appeal and Error; Review; Matters Shown by Bill of Exceptions.*—Where there was no bill of exceptions in the record, assignments of error predicated on the admission of certain evidence and in sustaining motion to quash the proceeding, canont be reviewed, since they must be presented by bill of exceptions.

APPEAL from Jefferson Circuit Court.

Heard before Hon. JOHN C. PUGH.

Proceedings by the state of Alabama on the relation of J. R. Tate as Solicitor for the 10th Judicial Circuit for the disbarment of C. B. Powell, attorney at law. From an order quashing the proceedings, relator appeals, and the case was submitted on motion to strike bill of exceptions and on the merits. Motion to strike bill of exceptions granted and judgment affirmed.

E. N. HAMIL, and HENRY UPSON SIMS, for appellant. The right to practice law is not an inherent right nor absolute, but is a mere privilege.—*In re Dorsey,* 7 Port. 293; 4 Cyc. 898; 107 U. S. 65. At least, it is under legislative control.—*Goldthwaite v. McGowan,* 50 Ala. 486; *McCastle v. State,* 53 Ala. 510. The sections primarily involved are sections 3000-4, and are not violative of any Constitutional inhibition.—Lewis-Sutherlin Stat. Const. sec. 296; 47 Ohio. 503; *M. & C. R. R. Co. v. State,* 29 Ala. 573. One incidental provision being invalid does not render the whole statute void.—*Bradley v. State,* 99 Ala. 177; *Kentz v. City of Mobile,* 120 Ala. 623; *Wilson v. State,* 136 Ala. 114; *Ex parte Wall,* 107 U. S. 265; 4 Cyc. 912.

J. C. CARMICHAEL, F. E. BLACKBURN, and STALLINGS & DRENNEN, for appellee. There is no lawful bill of ex-

ceptions in this record as appears from the record itself, and the same should be stricken on motion. The proceedings attempted do not constitute process of law, and are unconstitutional and void.—*State v. Buckley,* 54 Ala. 599; *Ex parte Dorsey,* 7 Port. 293. In any event, a judgment of affirmance must be entered because the only matters assigned as error are matters which can be properly presented only by bill of exceptions.—*Tuggle v. Wilson,* 60 South. 391.

DOWDELL, C. J.—This cause was submitted upon the motion of the appellee to strike the bill of exceptions appearing in the record, and also upon the merits.

We gather from the affidavits submitted in support of and against the motion to strike the following facts: That there was an original bill of exceptions presented, signed, and filed in the cause, and that the bill of exceptions appearing in the record is not that original, or rather a transcript of that original, bill of exceptions.

The cause was tried on December 11, 1911. The presiding judge deposes that a bill of exceptions in said cause was presented to him on January 2, 1912, and that on said day he signed the same in his official capacity, and that the same was filed in said cause on that same day; that thereafter there was presented to him by counsel for appellant a bill of exceptions, which counsel stated was a copy of the original bill that had been signed on January 2, 1912, as above stated; that this bill was presented to him on February 15, 1912, and on that day was signed by him; that he has examined the original paper on file in this cause, marked "Filed March 2, 1912"; and that the same is said second bill of exceptions so signed by him on February 15, 1912. This second bill is attached to the affidavit of the deputy clerk, and is the bill of exceptions disclosed by the record. It pur-

ports to have been presented on January 2, 1912, and signed on February 15, 1912; but it is shown by the affidavits to have really been presented on February 15, 1912, the day of signing. So "the true date of presenting," as required by the statute, is not shown. Both papers, however, were presented within the 90 days provided by law. The affidavit of the deputy clerk is to the effect that he has examined the file in the cause, and that the attached paper marked "Bill of Exceptions," and filed March 2, 1912, contains all the exceptions reserved by the plaintiff so far as appears from said file, and that no other bill of exceptions appears to have been filed in said cause. It will be noted, however, that the presiding judge affirms that the bill first signed by him was signed and filed in the cause on January 2, 1912.

It appears from the affidavits of counsel for appellant and appellee that appellant's counsel made two copies of the bill of exceptions; that one copy was agreed on by counsel and signed by the judge on January 2, 1912, but thereafter the same could not be found in the file of the cause in the clerk's office nor in the judge's office, whereupon counsel for appellant presented to the presiding judge a copy of the bill of exceptions which had been theretofore approved and signed; and that he signed the same on February 15, 1912, and counsel filed the same with the clerk on March 2, 1912. There is an interlineation in said bill, showing a ruling of the court; but it seems from the affidavits that this interlineation was made to correspond with the original bill, and there is no charge or insinuation as to the correctness of the copy signed on February 15th, or that any fraud was attempted. But counsel for appellee insist that the bill of exceptions contained in the record is not the bill agreed on and signed by the judge originally, which is unquestionably shown, and that the attempted substitution of

the bill of exceptions was not discovered by him until after the transcript had been prepared and filed in this court, and that therefore appellee has been given no opportunity to show that the proposed substitute is not a true and exact copy, or substantially so, of the original bill of exceptions, as would have been given if an application had been made for a substitution of the lost record or paper, with notice of hearing thereof and copy furnished, as required by the statute (section 5741 of the Code of 1907).

It appears, then, that we have for consideration here an admitted effort at substitution of a lost court paper, without notice, and without an order of court ordering such substitution. The recital of the presiding judge on signing, that the foregoing was a true and correct bill of exceptions was written as if purporting to have been made to an original bill, and was not an order of court, and did not purport to attempt to substitute one record for another. Nor could such recital have the effect of making the second paper the original bill of exceptions, which had been agreed on and signed six weeks previously. This was both physically and legally impossible. There can hardly be more than one original bill of exceptions.

Section 3018 of the Code of 1907 provides that, if the bill presented is correct, it is the duty of the presiding judge to sign the same, "which thereby becomes a part of the record." As was said by Stone, J., in *Ex Parte Nelson*, 62 Ala. 376, "Bills of exceptions, when signed by the presiding judge within the time prescribed by law, become a part of the record of this court when the case is brought here by appeal. Like all other records, they import absolute verity, and cannot be altered after their execution by the judge who presided at the trial, or by proof in this court showing errors committed therein."

[State, ex rel. Tate. v. Powell.]

Section 5739 of the Code, declaratory of what was already recognized as the law, provides that: "All courts have the inherent power, if original papers or records, pertaining to matters of civil jurisdiction, or to civil cases which are pending, or which have been determined, are lost or destroyed, to cause a substitution thereof, and the substituted paper or record is of equal validity with the original."

The next section provides for the method of substituting lost papers in pending causes, and the succeeding section, 5741, lays down the procedure to be followed for the attainment of a substitution of a lost or destroyed record or paper "after the determination of any civil cause or proceedings," and provides for an application to the court, stating the facts, accompanied with a copy of the proposed substitute, verified by affidavit, notice of which application and a copy thereof must be given to the adverse party, and on the hearing the court may receive affidavits and counter affidavits as to the correctness of the proposed substitute. And from the order of the court thereon, a subsequent section provides for an appeal to this court.

Such thorough procedure shows the seriousness and degree of care which the law contemplates shall be used in ordering a substitution of lost court papers or records.

These statutes apply, by their own terms, to "matters of civil jurisdiction" and "any civil cause or proceeding." But this power is inherent in courts of record, and has been exercised, even to the substitution of an indictment, in criminal cases, as well. See *Bradford v. State*, 54 Ala. 230. In that case it was held that the circuit court had inherent power to order the substitution of an indictment, when, after plea to the merits, it had been lost or destroyed during the trial. The court, speaking through Brickell, C. J., said: "Courts of rec-

ord, independent of express legislation, have power to substitute any of the files or records which may be lost or destroyed. The power is matter of necessity, whether the loss occurs while the cause is in fieri, before it has progressed to final judgment, or after such judgment has been rendered, and whether the loss is of the whole record or of papers which, when it is finally made up; will constitute parts of it." See, also, *Ward v. State,* 78 Ala. 455. Whether, in a criminal case, it would be necessary to follow the statutory procedure above outlined, it is not necessary for us to determine. Suffice it to say that in any case substitution can only be had by the action of the court, which, of course, must be expressed by some order or judgment of the court. "In all proceedings of this character," says this court, in *Dabney v. Mitchell,* 66 Ala. 495, "the primary courts should proceed with the utmost caution. A substitution should be made only on clear and satisfactory evidence of the former existence, contents, and loss of the records proposed to be substituted."

The question will not be inquired into on this motion as to whether or not the bill of exceptions appearing in the record is or was a correct bill, or a correct copy of the original bill of exceptions; that should have been determined before the attempted substitution by an order of the court, and after due notice to the appellee. Without imputing any improper intention to any one connected with this matter in the instant case, for we think there was none, we cannot see why a bill of exceptions should be treated more lightly than any other court paper, when, in fact, it is as a general rule, on appeals, the most important—the record by which most cases must stand or fall—and it would be too serious a precedent for this court to establish, opening an inviting doorway to serious trickery and fraud, to allow wayward

instruments in writing, purporting to be true copies of bills of exception, to be substituted for the original without a hearing or an order of court, and thus find their way into the records of this court as one of the most important bases upon which its judgment are determined and rendered.

It is not a sufficient reply to say that the very signature of the presiding judge is a sufficient test of the verity of the substituted copy. Without a hearing or notice to the opposing side, there is danger that the presiding judge might be led into mistakes, or imposed upon. But, if the high character of the legal profession renders this danger too slight for weighty consideration, it is sufficient to say that the statute makes the bill of exceptions, when properly signed, a part of the record, and, when lost or destroyed, it can only be substituted by an order of the court obtained with the same seriousness and care of procedure as the law requires with regard to the substitution of other lost court papers or records.

The attempted substitution may be shown by parol evidence. See *L. & N. R. R. Co. v. Malone,* 116 Ala. 600, 22 South. 897; *Leeth v. Kornman,* 2 Ala. App. 311, 56 South. 757, and cases there cited.

The motion to strike the bill of exceptions appearing in the record will therefore be granted.

There are only two assignments of error; one relating to a ruling of the court admitting certain evidence, and the other based upon the sustaining of respondent's motion to quash the proceedings. The action of the court on these matters cannot be reviewed, even where the motion is shown by the judgment entry—which is not the case here—unless exceptions were reserved to the action of the court at the time, and such exceptions preserved and shown by a valid bill of exceptions.—*Barton v. Charter Gas Engine Co.,* 154 Ala. 275, 45 South. 213; *Tuggle*

*v. Wilson,* 179 Ala. 671; 60 South. 391; *Lay v. Postal Tel. Co.,* 171 Ala. 172, 54 South. 529; *So. States Lumber Co. v. Greene,* 152 Ala. 499, 43 South. 102; *Jones v. State,* 77 Ala. 98; *So. Ry. Co. v. Graham,* 4 Ala. App. 398, 58 South. 672. The bill being stricken, no basis for errors assigned remains.

The judgment of the court below must therefore stand affirmed.

Affirmed.

ANDERSON, MAYFIELD, and DEGRAFFENRIED, JJ., concur.