# Caravella *v.* Bernheim Distilling Co.

## *Assumpsit.*

(Decided June 17, 1915.   69 South. 241.)

1. *Time; Computation; Sunday; Pleading.*—Construing section 5 of Local Acts 1888-9, p. 995, in the light of the provisions of section 11, Code 1907, it is held that where the summons and complaint was served on defendant on October 2, 1914, thus making the last day on which to plead November 1, 1914, (which was on Sunday) a default judgment entered on Monday, November 2, was premature, and would be annulled.

2. *Appeal and Error; Record; Questions Presented.*—The judgment of a trial court in overruling a motion to set aside a judgment cannot be reviewed except when presented by bill of exceptions, the motion and the court's ruling thereon not being properly a part of the record on appeal from the original judgment, and will not be so treated because of this unauthorized insertion in the record.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by Bernheim Distilling Company against George Caravella. Judgment by default for plaintiff, and defendant appeals. Reversed and remanded.

C. B. POWELL, for appellant.

STERLING A. WOOD, for appellee.

PELHAM, P. J.—The appeal in this case is from a judgment by default rendered by the court below on November 2, 1914, in a suit brought by the appellee on the common counts on September 26, 1914; summons and complaint having been executed on the defendant, who is the appellant here, on October 2, 1914. The judgment against the defendant having been entered on November 2, 1914, it is the appellant's contention that the judgment was prematurely rendered, in that the 30 days allowed the defendant for pleading had not expired on the day of the rendition of the judgment against him. The minute entry shows that, the defendant having failed to appear, but making default, the court proceeded to hear and determine the cause on motion of the plaintiff, and rendered final judgment against the defendant on the said 2d day of November, 1914.

(1) Under the terms of the statute regulating the procedure and practice in the trial court, the defendant was allowed 30 days from the date of service of summons and complaint on him within which to plead.—Acts 1888-89, p. 995, § 5. The month of October has 31 days, and the last day allowed the defendant under the rules of pleading based upon the statute for appearing and pleading was the 1st day of November, 1914, and the judgment was not rendered until the next day, November 2, 1914. But, the 1st day of November in this year (1914) happening to be on Sunday, under the provisions of section 11 of the Code of 1907, in computing the time within which the defendant was allowed to plead, this day (Sunday) must be excluded, and the Monday follow-

ing (the 2d day of November, the day on which the judgment was rendered) must be included and counted as the last day within which the defendant was allowed to appear and plead.

It will be seen that, if Sunday, November 1, 1914, should be excluded in making the computation of the 30 days, the next Monday, November 2, 1914, the day on which the court rendered judgment against the defendant, must be included to constitute the period allowed for appearance and pleading, and that a judgment rendered on that date would be premature, as rendered before the expiration of the time within which the defendant was allowed to appear and plead. A judgment by default should not be taken before the expiration of the time allowed by law for the answer or plea. —*Hollis v. Herzberg,* 128 Ala. 474, 29 South. 582; *Ex parte Howard-Harrison Iron Co.,* 119 Ala. 484, 24 South. 516, 72 Am. St. Rep. 928. It follows that the judgment rendered by the trial court was prematurely entered, and must be set aside and annulled.

Section 11, as it appears in the present Code of 1907, has been amended or rewritten by the Code committee, by adding the words we have italicized in setting out that part of the section here pertinent, as follows: "11. Time, How Computed.—The time within which any act is provided by law to be done must be computed by excluding the first day and including the last; if the last day is Sunday, it must be also excluded, *and the Monday following shall be counted as the last day within which the act may be done.*"

The construction put upon this section (11) of the Code in the cases of *Allen v. Elliott,* 67 Ala. 432, *Ex parte James,* 125 Ala. 119, 28 South. 69, and *A. E. & G. Co. v. Cooper,* 136 Ala. 418, 34 South. 931, was before

[Caravella v. Bernheim Distilling Co.]

the amendment to which we have called attention, which, it would seem, was made for the purpose of meeting such a construction, and leaving no room for any other contention than that the computation of time within which any act is required to be done shall include the following Monday when the last day of the period is Sunday.

(2) The appellee's counsel insists in brief that, as the transcript shows a judgment of the court rendered on December 12, 1914, overruling a motion made by the defendant in the trial court to set aside and annul the former default judgment rendered by the court in the main case on November 2, 1914, an order dismissing the appeal should be entered here, as the judgment overruling the motion is a valid judgment from which no appeal is prosecuted.

It is true that the transcript shows a judgment of the court overruling a motion made by the defendant to set aside and vacate the judgment rendered in the main case. It is equally true that no appeal is prosecuted from this judgment and no assignment of error is based on the ruling of the court in passing on the motion. The record contains no bill of exceptions, and, as the ruling of the court on the motion could only be presented by bill of exceptions, the motion and the court's rulings on it are not properly a part of the record on this appeal, and cannot be so treated because of their unauthorized insertion in the transcript. That matter is not before us for review.—*O'Brien v. Brewer & Jones,* 1 Ala. App. 591, 56 South. 49, and authorities there collected and cited.

Reversed and remanded.