(118 So. 381)
## SOLNICK v. BALLARD. (2 Div. 928.)

Supreme Court of·Alabama.　Oct. 18, 1928.

Hobbs, Craig & Brown, of Selma, for appellee.

FOSTER, J.　The bill of exceptions does not show any attempt to except to the general charge of the court.　Following the general charge, the record shows that Mr. Frohlich stated:

"We *object* to that part of your honor's charge which refers to the plaintiff owing no duty to the man behind or to look behind, on the ground that the undisputed evidence shows this to have been a state highway and very many cars on the road."

This is not in the bill of exceptions, and no exception to the oral charge is attempted to be shown therein.

The bill of exceptions is the only proper place to show an exception.　By law an exception is presumed to the action of the court in giving written charges to the opposite party, and in denying one's requests for written charges.　Sections 6430 and 9509, Code.　This does not apply to the oral charge of the court.　The bill of exceptions must show all exceptions not presumed by law.　Ill. Central R. Co. v. Posey, 212 Ala. 10, 101 So. 644; section 6432, Code; Decatur. Land Co. v. City of New Decatur, 184 Ala. 56, 63 So. 1024; Craig v. Etheredge, 133 Ala. 284, 32 So. 65; Ewing v. Wofford, 122 Ala. 439, 25 So. 251; Barton v. Gas Engine Co., 154 Ala. 275, 45 So. 213; Chapman v. Hartford Fire Ins. Co., 213 Ala. 255, 104 So. 517.

The exception must not only be shown by the bill of exceptions, but it must "select and recite what the court said." Birmingham R. L. & P. Co. v. Cockrum, 179 Ala. 372, 60 So. 304; Birmingham R. L. & P. Co. v. Friedman, 187 Ala. 570, 65 So. 939; Conway v. Robinson, 216 Ala. 495, 113 So. 531; L. & L. & G. Ins. Co. v. McCree, 213 Ala. 534, 105 So. 901; Ex parte Cowart, 201 Ala. 55, 77 So. 349.

The "objection" to the general charge cannot be considered for the reasons above assigned, pretermitting the fact that it was an "objection" and not an "exception."

The bill of exceptions and record entries recite that plaintiff's counsel consented to the giving·of the written charges at defendant's instance, which are assigned as error.　Sections 6430 and 9509 presume an exception to such given charges.　But the pre-

M. E. Frohlich, of Mobile, for appellant.

sumption is not conclusive, and if it expressly appears that plaintiff declined to except but consented to the giving of the charges, he cannot be aided by the statute. The purpose of the statute is not to require an *express* exception. It is not intended to deprive parties of conducting their cases as they wish in respect to exceptions, nor to require an exception when it is not desired. Cutcliff v. B. R. L. & P. Co., 148 Ala. 108, 41 So. 873.

All the assignments of error are controlled by the foregoing comments. There are no reversible errors in the record properly reserved and presented for review.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.