## PETTY v. WAFFORD.

1. When an administrator is cited by a husband in right of his wife, omitting her name, and a settlement is submitted to, it is a waiver of all irregularities in the mode of citation.

2. When a settlement is made, and the administrator fails to require those claiming distribution to propound their interest, he will not be heard on error, to complain that their interest is not shown by the record.

3. It is irregular to decree distribution in the name of the husband, only for the wife's distributive share.    Whether amendable in the appellate court —*quere?*

4. When one claims as assignee of a distributee, the sum due in this character, cannot be joined with a sum due to him in right of his wife.

Writ of Error to the Orphans' Court of Limestone.

PETTY, as the administrator of the estate of Mildred Petty, was cited by the judge of the orphans court of Limestone county, at the instance of Wafford, in right of his wife, one of the heirs of said Mildred Petty, to appear and show cause why a final settlement of his administration should not be made.    The citation is returnable to the 2d Monday of February, 1845.    No order was taken on the return day, but afterwards, on the 17th February, it is recited that Petty, the administrator, filed his accounts and vouchers for final settlement.    Whereupon it was ordered, that publication be made for the space of forty days, in, &c., requiring all persons in

any way interested in said estate, and settlement, to appear at a court to be held on the first Monday of April, then next, to show cause why the said settlement should not be made, and admitted to record. The cause seems to have been regularly continued, from time to time, until the 16th March, 1846, when the advertisement is recited as being proved to the court, and the settlement and distribution of the estate was made. "No one objecting to the settlement or distribution," it was ordered, "that the same be, and the same is hereby confirmed, and ordered to be filed, registered, and recorded in this court accordingly."

The judge then proceeds to certify, that on this settlement the balance due from the administrator was $3,449 47, to be distributed among the eleven heirs, to wit: John Wafford, his portion and Thomas Petty's portion, which has been transferred to him, the said John Wafford, say $627·16, but he acknowledges that he has received it all except $28 54, therefore has judgment only for that amount. There is distributed to Andrew D. Wafford, in right of his wife, Mildred, his portion, and the portion of Bradford T. Brewer, in right of his wife Rebecca, which he has transferred to said Wafford, say $627 16. And there is distributed to James W. Halley, in right of his wife Patsey, and to Hillyard Petty, Phillemore Petty, Abner T. Petty, Rufus Petty, George Petty, and Isaac N. Petty, each $313 58, and which they, and each of them have judgment for.

The administrator sues out this writ of error, and here assigns that the court erred—

1. In ordering the citation in the name of John Wafford alone.

2. In sustaining proceedings by Wafford alone to recover the distributive portion of his wife.

3. Because there was no notice, or an insufficient one, for the settlement.

4. It does not appear who were the distributees, or that those are so in whose favor decrees are made.

5. The interest of these persons was not propounded to the court.

6. In rendering judgment for Wafford for the distributive portion of Thomas Petty.

7. In decreeing to John Wafford the distributive portion of his wife, and in not decreeing in favor of husband and wife.

8. In decreeing in favor of Andrew D. Wafford, and James H. Haley, severally, for the distributive share of ther respective wives, without joining the wives in the decree.

9. In not decreeing in favor of the husband and wife for the portions of the female distributees.

10. In not decreeing in favor of Thomas Petty and Bradford T. Brown and wife.

11. Because the judgment is uncertain and insufficient.

12. Because the judgment is joint rather than several.

13. Because the court had no jurisdiction.

E. J. JONES, for the plaintiff in error.

GOLDTHWAITE, J.—1. The errors assigned in this cause are so numerous as to make it inconvenient to examine each in detail, but such of them as question the regularity of the mode by which the administrator was cited to appear, may be disposed of with the remark that they do not affect the proceedings in the least degree. Any one interested in the settlement of an estate is entitled to cite the administrator to make distribution, after the lapse of eighteen months from the grant of administration, and the administrator may either contest the right of the party thus to cite him, or he may proceed to settle the estate by citing such others os he wishes to conclude by the settlement. [Harrison v. Harrison, 9 Ala. Rep. 470.] In this instance the administrator, instead of contesting the right of Wafford to cite him, appeared and submitted to proceed, and in doing so waived any irregularities which might have been urged against their proceeding in the cause.

2. Of a kindred nature are all the objections urged to the final decree, on the score that distribution is decreed to improper persons, assuming to have a derivative title to the distributable assets. It is true the several parties, whether claiming in their own right or as the assignees of others, having similar rights, do not propound their interests, but the answer

19

to all this is, that the administrator was present, and did not require them to do so. He cannot now be permitted to assert there is error in this particular. [McRae v. Pegues, 4 Ala. Rep. 158; Graham v. Abercrombie, 8 Ib. 552.]

3. There is error, however, in the mode in which judgment is given, in the names of the husbands only, when the right of distribution arose in right of their respective wives. This applies to the two Waffords and Holley, whose wives should have been joined in the judgment, as the respective rights would survive in the event of the death of the husband. Whether this error would be sufficient to produce a reversal, as was the case under similar circumstances, in Crenshaw v. Hardy, 3 Ala. Rep. 653, or would be matter of amendment, as is intimated in Parks v. Stonum, 8 Ala. Rep. 755, we will not now undertake to determine, for if the latter only, there is nothing to amend by, as the name of the wife of John Wafford is not disclosed in the record.

The consequence is, there must be a reversal of the judgment, so far as it ascertains the debt in favor of the husbands, and remanded, that the proper judgments joining the wives may be entered. Of course the errors do not go to the matters of settlement.

4. There is another error, not covered however by the assignments, but which will be developed as soon as the proper entry is made. John Wafford, in his own right, as assignee of Thomas Petty, is probably entitled to a judgment, as well as himself and wife. The same remark will apply to Andrew Wafford, who is entitled to judgment in his own right as the assignee of Brewer and wife. It would be impossible to correct the first of these errors, even if the others were amendable.

Reversed and remanded.