## MILLER *vs.* PARKER'S ADM'RS.

[APPEAL FROM PROBATE DECREE IN CONTEST BETWEEN CLAIMANTS OF DEBT AGAINST INSOLVENT ESTATE.]

1. *Insolvent estate; claim filed by creditor afterwards becoming bankrupt; respective rights of transferee and assignee in bankruptcy.*—When a claim against an insolvent estate is duly filed and verified, by a creditor who afterwards becomes a bankrupt, but is transferred by him, by deed of assignment, before the proceedings in bankruptcy are instituted, the decree allowing the claim should be in favor of the assignee in bankruptcy, and not in favor of the transferee or trustee under the deed.
2. *When appeal lies.*—Where an issue was made up before the probate court, between the assignee in bankruptcy and the assignee by contract, of a creditor who had duly filed and verified a claim against an insolvent estate, touching their respective rights to the claim, and is decided by the court in favor of the latter, an appeal by the assignee in bankruptcy, against the administrator, without notice to the assignee by contract, will be dismissed.

APPEAL from the Probate Court of Perry.

Tried before the Hon. B. S. WILLIAMS.

MOORE & LOCKETT, and MORGAN, BRAGG & THORINGTON, for appellant.

WATTS & TROY, *contra*.

B. F. SAFFOLD, J.—E. A. Blunt, having a claim for several thousand dollars against the insolvent estate of King Parker, which he had filed and verified, assigned it to Geo. P. Massey on the 20th of October, 1868. On the 9th of December, 1868, Blunt became bankrupt, and William Miller was appointed his assignee. At the time appointed for the final settlement and distribution of the estate, Miller and Massey propounded their respective interests, and the court, holding that Massey had the better right, rendered a decree in his favor. From this decree Miller appeals, making the administrators the appellees. Massey has had no notice of the appeal.

Proceedings in the probate court are so devoid of form that it is difficult to apply the rules of practice to them. Filing a claim against an insolvent estate is in the nature of a suit commenced by the claimant against the administrator. In such a suit, Massey, having acquired his interest since its commencement, could not be made a party to the record.—*Agee v. Williams*, 30 Ala. 636; *Bowie v. Minter*, 2 Ala. 411. Miller, under the provisions of the bankrupt law of 1867, might become a party.—Section 14.

Section 2203, Revised Code, does not seem to contemplate the trial of any other issue than the correctness of the claim filed. Of course, the probate court must have jurisdiction to ascertain who are the creditors; and, for this purpose, it may hear the ordinary evidences of title. But it has not the means necessary to try complicated questions of right, especially those which entitle the parties to a trial by jury. In this case, an issue was presented whether the assignment of Blunt to Massey was not in fraud of the bankrupt law. It was not disputed that Parker's estate owed the debt to Blunt. There was, therefore, no issue as to an allowance of a claim against the insolvent estate. The court was bound to hear the suggestion of Blunt's bankruptcy, and, on proof of it, to render a decree in favor of his assignee, unless arrested by some other authority. It was as if his death had been suggested, and a proposition made to substitute his legal representatives.

If that were the case, Massey could not come in in preference, because between him and them issues might arise wholly foreign to the court—questions which Parker's estate had no connection with, and ought not to be charged with the cost of determining.

In *Graham v. Abercrombie*, (8 Ala. 552,) and *Petty v. Wafford*, (11 Ala. 143,) it was held that the assignee of the entire share of a distributee may assert his right in the probate court to the exclusion of the representatives of such distributee. But in *Smith & Loveless v. Hall*, (20 Ala. 777,) the court declared that the principle of the above decisions ought not to be extended, and decided that the purchaser of a devisee's undivided interest in real estate, at a sale under execution, could not petition the probate court for a distribution of the proceeds of sale, under the statute which allows a distribution after eighteen months from the grant of letters.

But we cannot reverse the judgment, because Massey is not in this court. If Miller had taken the appeal in the name of the administrators, and against Massey, we might do so. As the case is presented, the record shows no decree against the appellant susceptible of affirmation or reversal.

The appeal is dismissed.