# Williams v. Harper.

*Petition to set aside Allotment of Homestead Exemption.*

1. *When appeal lies.*—When a homestead exemption has been allotted to a decedent's widow, and a petition is afterwards filed to set it aside, an appeal does not lie from an order of the court dismissing the petition *ex mero motu*, the record not showing that any one appeared, or was notified to appear and contest it.

APPEAL from the Probate Court of Calhoun.
Heard before the Hon. EMMETT F. CROOK.

SAVAGE & COLEMAN, for appellant.

WALKER, J.—The appellant, as one of the heirs of James Harper, deceased, made a motion in the Probate Court of Calhoun county to have set aside and declared null and void certain proceedings had in that court at a previous term, which purported to effect an allotment of exemptions out of the estate of said decedent to his widow, Lodusky Harper. There is nothing in the record to indicate that notice of that motion was served on the widow, or that she appeared to resist it. An order was made, however, overruling the motion. The appeal is from that order. The record fails to show that any citation or notice of appeal was issued or served upon any adverse party (Code of 1886, §§ 3631 and 3634), and no appearance is entered in this court by or for any one as appellee. There is not before this court any adverse party against whom judgment could be rendered in the event of a reversal.—*Miller v. Parker*, 47 Ala. 312. The proceeding has been purely *ex-parte* throughout. Under our statute, no appeal can be maintained without an appellee. The appeal must be dismissed, because of the absence of a necessary party.

Appeal dismissed.