# Griffin *v.* Milligan.

## *Will Contest.*

(Decided February 1, 1912. Rehearing denied April 12, 1912.
58 South. 257.)

1. *Wills; Probate; Parties; Contest.*—In a proceeding by a grand-child to establish the lost will of his grandmother, a contest prop-erly framed showing that a grantee of proponent's mother who was the sole heir of the grandmother conveyed to the grantee, after the death of the grandmother, a part of the real estate included in the alleged will, was proper and should have been allowed.

2. *Same; Proceedings for Probate; Nature.*—The probate of the will is in the nature of a proceedings in rem, and assumes the nature of the proceedings *inter partes* only when there is an inter-vention of parties litigant, and an actual contest ensues.

3. *Same; Appeal; Statute.*—Under section 2855, 2856, 2881, and 6193, Code 1907, a proponent of a will may not appeal from a decree denying probate where there was no contest, and where the court refused to consider a third person's contest on the ground that it had no interest in the will.

(Mayfield, J., dissents.)

APPEAL from Pike Probate Court.

Heard before Hon. A. C. EDMONDSON.

Application by Leonard Griffin for the probate of the will of Martha A. Motes, deceased, with an attempted contest by Jack O. Milligan. From a judgment refusing probate, proponent appeals. Appeal dismissed.

A. G. SEAY, for appellant. Milligan was not a proper party to the contest.—*Lockhart v. Stevenson,* 120 Ala. 641; *Rainey v. Ridgeway,* 148 Ala. 524. A sufficient predicate was laid for the introduction of secondary evi-dence of the contents of the will.—17 Cyc. 532; 25 A. & E. Enc. of Law, 166; 4 Mayf. 108; *Burke v. Bragg,* 89 Ala. 204. The will was good as far as proved.—*Skeggs v. Horton,* 82 Ala. 352; *Elyton L. Co. v. Denny,* 108 Ala. 562; *Potts v. Coleman,* 86 Ala. 101. A proponent is not

limited to the testimony of the subscribing witness.—
*Barnwell v. Murrell,* 108 Ala. 381. The judgment was
clearly contrary to the evidence and falls within the
rules of the following cases.—*Leeper v. Taylor,* 47 Ala.
221; *Daniel v. Hill,* 52 Ala. 444; *Jaques v. Horton,* 76
Ala. 238.

E. R. BRANNEN, for appellee. Counsel appears spe-
cially for the purpose of moving the court to strike Jack
O. Milligan as a party from the record, and to dismiss
the appeal, and in support of his motion, he cites *Wil-
liams v. Harper,* 95 Ala. 610; *Miller v. Parker,* 47 Ala.
312.

SAYRE, J.—Ten years after the death of Martha A.
Motes, Leonard Griffin propounded and sought to estab-
lish an alleged will of said Martha A. Motes, averring
that the said will had been lost or destroyed, and that
his mother, Matilda A. Motes, who resided at Goshen, in
this state, was the only child of deceased. J. O. Milli-
gan filed his petition for contest averring, in order to
show his interest, that, five years after the death of Mar-
tha A. Motes, he had purchased a part of the land, dis-
posed of by the alleged will to proponent, from said Ma-
tilda A. Motes, who was then in possession claiming to
own the same. The court refused to consider Milligan's
contest, on the ground that he had no interest in the
will. A contest properly framed to show Milligan's in-
terest should have been allowed.—*Elmore v. Stevens,*
174 Ala. 228, 57 South. 457. But, proceeding to hear
the evidence for the will, the court refused probate.
From that decree Griffin appeals, notice of the appeal
having been served upon E. R. Brannen, Esq., alone,
who seems to have had no connection with the case, ex-
cept as the attorney for Milligan. Milligan seeks to be

relieved of the responsibility in the premises by moving specially that his name as appellee be stricken from the record.

"Whenever an application is made to prove a will in this state, at least 10 days' notice must be given to the widow and next of kin, or either of them, residing and being within the state, before such application is heard." —Code, § 6193. Section 2855 of the Code authorizes an appeal from any final decree of the court of probate. "Upon an appeal being taken  *  *  *  the judge of probate must issue a citation to the adverse party," etc. —Section 2881. The probate of a will is in the nature of a proceeding in rem. It assumes the nature of a proceeding inter partes only when there is an intervention of parties litigant, and an actual contest ensues.— *Dickey v. Vann,* 81 Ala. 425, 8 South. 195. There was no contest in this case, and it is entirely clear that Milligan never became a party adversary to the proponent. The court denied his application to be admitted to contest. The statute provides for appeals from final decrees of the court of probate, as we have seen. It also provides (section 2856) specially that appeals from decrees on contests as to the validity of wills shall be taken within 30 days, but in other respects under the same rules and regulations as govern other appeals. No provision in terms is made for an appeal by a proponent in a case where, without contest, the probate of an alleged will is denied. Perhaps the proponent's remedy in such case is by an original application to this court calling into exercise its constitutional jurisdiction in the superintendence and control of inferior courts.—*Ex parte Buckley,* 53 Ala. 42. At any rate, under the statute no appeal can be maintained without an appellee.— *Williams v. Harper,* 95 Ala. 610, 10 South. 327. It follows that the appeal in this case must be dismissed.

[Commissioners Court of Henry County v. Holland, et al.]

Appeal dismissed. All the Justices concur, except MAYFIELD, J., who dissents.