(89 South. 711)

**BOWE v. PIERSON et al.    (6 Div. 187.)**

(Supreme Court of Alabama.    June 2, 1921.
Rehearing Denied June 23, 1921.)

**1. Wills ⚖☞364—The date of appeal held prima facie that in order on filing appeal.**

In will contest where notice of appeal of date November 4 had no date of its filing indorsed thereon and order on filing appeal to Supreme Court was of date November 5, and to effect that appeal was taken on that day, prima facie date of filing notice was November 5.

**2. Wills ⚖☞364—Appeal in will contest held not taken in time.**

Under Code 1907, § 2856, providing that party aggrieved may appeal from contest of validity of will within 30 days after determination of contest, and section 11, excluding first and including last day in computing time, an appeal taken on November 5, motion for new trial being denied October 5, is one day too late.

**3. Appeal and error ⚖☞151(6)—Wills ⚖☞361—Infant denying validity of will, but not specifying grounds for contest held not a party aggrieved so as to be entitled to appeal.**

Under Code 1907, § 2856, providing that party aggrieved may appeal from contest, and section 6196, giving right to contest to persons interested by filing specification of grounds of contest in writing, an infant by a guardian ad litem, who when made party to proceedings by proponents denied right to probate will and put proponents on their proof, was not entitled to appeal from verdict and judgment against two contestants who had denied the validity of the will for want of mental capacity, though infant joined in motion for new trial, especially since infant was not such a party to contest as would prevent suit in chancery to contest will under section 6207.

Appeal from Probate Court, Jefferson County; J. P. Stiles, Judge.

Contest of the probate of the will of Lizzie Howard; Laurena Pierson and others being the proponents, and Richard Bowe, by guardian, and others, being contestants. From a decree admitting the will to probate contestants appeal. Appeal dismissed.

Vassar L. Allen and Willard Drake, both of Birmingham, for appellants.

Counsel discuss the errors assigned, with citation of authority; but, in view of the opinion, it is not deemed necessary to here

set them out. They cite no authority against the motion to dismiss.

J. L. Drennen, of Birmingham, for appellee.

The appeal was not taken in time. Section 2855, Code 1907; 74 Ala. 364. No proper issue was tendered. Sections 2856 and 6196, Code 1907.

THOMAS, J. The appeal is from a decree of probate of the will of Lizzie Howard, deceased, on petition of Laurena Pierson and Callie Southerland, of date April 9, 1920.

At the trial, contestants Hattie Hayes and Annie Clark withdrew all specifications except the first and second grounds, and thereupon an issue was made up under the direction of the court, being whether or not the instrument offered for probate was executed by testatrix as her last will and testament, and whether or not at the time of its execution she possessed that mental capacity required by law for the execution of her last will. Upon the trial, a verdict of the jury was returned in favor of proponents, establishing the validity of said will; whereupon the decree of the court was rendered on such verdict.

[1, 2] The contest was filed on May 5, 1920; the decree of probate, of date August 17. The motion for new trial by Hattie Hayes and Annie T. Clark (the contestants) and Richard Bowe, a minor, by Willard Drake, guardian ad litem, was filed on August 28, and was set for hearing September 11. On that day an order was made passing said hearing to September 22, and the order overruling the motion was duly made on October 5.

The notice of appeal of date November 4 has no date of its filing indorsed thereon. The "order on filing appeal to Supreme Court" was of date November 5, and to the effect that the appeal was taken "on this day," etc.

The cause is submitted on the motion and on merits. In support of the motion to dismiss the appeal counsel for appellee insist that an appeal to the Supreme Court by the party aggrieved from a decree on a contest as to the validity of a will must be "taken within thirty days after the determination of the contest." Code 1907, § 2856; Lanier v. Russell, 74 Ala. 364; Ex parte Sumlin, 204 Ala. 376, 85 South. 810.

The pertinent parts of the statute are as follows:

"Appeal from the decree of the court of probate, or from the order, judgment, or decree of the judge of probate, may be taken by the party aggrieved to the circuit or Supreme Court, in the cases and within the time hereinafter specified, under the same rules and regulations which govern other appeals:

"(1) From the decree or judgment on a contest as to the validity of a will, to be taken within thirty days after the determination of the contest."

See Griffin v. Milligan, 177 Ala. 57, 58 South. 257.

As to the time of taking the appeal, was it within the 30 days prescribed by statute (Code, § 2856), by the rule of excluding the first and including the last day (Code, § 11; Cochran v. State, 89 South. 278;[1] Rice v. Beavers & Co., 196 Ala. 355, 71 South. 659; Caravella v. Bernheim Dist. Co., 13 Ala. App. 458, 460, 69 South. 241)?

The motion for a new trial by Hattie Hayes, Annie Clark, and Richard Bowe, a minor, by guardian ad litem, is predicated on several grounds: That the verdict of the jury was contrary to the weight of the evidence, and for the giving at the request of proponents written charges 1 and 3, and for the refusal to give at the request of contestants written charges 6 and 11. The primary question is: Was the minor respondent to the petition for probate a party aggrieved that may appeal from the adverse decree in question, under Code, §§ 2855, 2856?

A reference to the initial pleading discloses that the will was propounded for probate by Laurena Pierson and Callie Southerland, their petition showing, as next of kin (among others) of testatrix, Annie Clark and Hattie Hayes, each of whom was over the age of 21 years, and Richard Bowe, a minor under the age of 14; that an order was entered setting a day to hear the petition for probate provision for due notice made; that "Willard Drake, county guardian ad litem, and an attorney at law, who is deemed by the court a fit and proper person and who is not related by blood or marriage within the prohibited degree to either the applicant or solicitor or attorney for applicant, or to the judge or clerk of this court, be and he is hereby appointed guardian ad litem for Richard Bowe, a minor under the age of 14 years, to represent and protect his interest upon the hearing of this proceeding; and further that said Willard Drake have notice of his said appointment." This order was followed by an instrument, under the hand of J. P. Stiles, judge of probate, of notice of appointment of the said Willard Drake to act as guardian ad litem for Richard Bowe, a minor, "to represent and protect his interest, upon the application of Laurena Pierson and Callie Southerland to probate will of Lizzie Howard, deceased." His written acceptance on April 9, 1920, of the appointment contained the additional statement that the guardian ad litem did "hereby deny all the allegations contained in said application." Such was the pleading of the minor in the probate court. The contest by Hayes and Clark was not at such time filed, but was of date May 5, 1920.

---

[1] Ante, p. 74.

In subsequent orders of the court are recitals of the appearance of attorneys for petitioners and attorneys for contestants; and in the decree probating the will is the recital that—

"The hearing of the application of Laurena Pierson and Callie Southerland, to probate an instrument of writing purporting to be the last will and testament of Lizzie Howard, deceased, and it appearing to the satisfaction of the court that notice of the filing of said application and the time appointed for hearing the same has been given in pursuance of law and in strict accordance with the former order of this court made and entered in the premises on the 9th day of April, 1920; comes now the said Laurena Pierson and Callie Southerland in their own proper person and by the attorney; also comes Annie Clark and Hattie Hayes in their proper person and by Vassar L. Allen, their attorney, and moves the court for said petition and contest heretofore filed be heard."

No reference is therein contained of the adverse interest of Richard Bowe by his guardian ad litem.

The notice of appeal, bearing date of November 4, 1920 (the date of its filing not being indicated), is not supported by the recitals contained in the certificate of appeal that—

On the "5th day of November, 1920, Willard Drake, as guardian ad litem for Richard Bowe, a minor, prayed for and obtained an appeal from the judgment of the probate court probating said instrument as the last will and testament of Lizzie Howard, deceased, to the next term of the Supreme Court of Alabama."

The notice thereof recites that Richard Bowe, one of the defendants, came by Willard Drake, his guardian ad litem, and enters "his appeal from the verdict of the jury and the judgment of the court entered on August 17, 1920, and from the action of the court in overruling his motion for a new trial of said cause entered on October 5, 1920, to the Supreme Court of Alabama." Prima facie the appeal was taken on November 5, 1920. There being 31 days in the month of October and the motion being overruled on October 5, there remained of the month of October 26 days. Consequently the 4th of November was the 30th day on which the appeal could have been taken. Not being so taken until the 5th day of November, the appeal was not taken within the terms of the statute.

[3] The motion should have been granted for another reason. A contest of the probate of a will can only be made by filing in the probate court allegations in writing that the will was not duly executed or some other valid objection which, if true, would prevent its probate. The issue must thereupon be made up between the adverse parties— proponents and contestants—under the direction of the court. Miller v. Whittington, 202 Ala. 406, 409, 80 South. 499; Code, § 6196; West v. Arrington, 200 Ala. 420, 76 South. 352.

The provisions for appeal to the circuit or Supreme Court from any final decree of the court of probate give the right of contest to the "party aggrieved"; that of Code, § 6196, gives the right of contest to any person interested therein or any person who, if the testator had died intestate, would have been an heir or distributee of his estate, etc., and prescribes the manner of initiating the same; that is to say, prescribes the procedure for changing the proceeding in the nature of a proceeding in rem, for the probate of a will upon its being first propounded for probate, to that inter partes, as follows:

" * * * By filing in the court where it is offered for probate allegations in writing that the will was not duly executed, or of the unsoundness of mind of the testator, or of any other valid objections thereto; and thereupon an issue must be made up, under the direction of the court, between the person making the application, as plaintiff, and the person contesting the validity of the will, as defendant. * * *" Frederick v. Wilbourne, 198 Ala. 137, 73 South. 442.

Construing the provisions of sections 2855, 2856, 3881, and 6193, in Griffin v. Milligan, 177 Ala. 57, 58 South. 257, it is held that a proponent of a will may not appeal from a decree denying probate where there was no contest, and where the court refused to consider a third person's contest on the ground that he had no interest in the will.

It would appear from this construction of the statute providing the right of appeal from such adverse decree, that a party at interest who is not a party to the contest is not a party aggrieved by the verdict of the jury and the decree of the court rendered thereon. Code, §§ 2856, 6196.

The fact that the guardian ad litem made general denial of the allegations of the petition propounding the will for probate and demanded strict proof of the same did not make the minor by his guardian ad litem a party defendant to the contest, initiated under Code, § 6196, by Annie Clark and Hattie Hayes, and in such sense as to prevent his exercise of the right of contest in chancery. Code, § 6207; Ex parte Walter, 202 Ala. 281, 80 South. 119, 122; Stephens v. Richardson, 189 Ala. 360, 66 South. 497; Braasch v. Worthington, 191 Ala. 210, 67 South. 1003, Ann. Cas. 1917C, 903; Walker v. Yarbrough, 200 Ala. 458, 76 South. 390. For this reason, the minor was not a party aggrieved, giving him the right of appeal.

Appellee's motion to dismiss the appeal is granted.

Appeal dismissed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.