(97 South. 46)

## NEW MORGAN COUNTY BUILDING & LOAN ASS'N et al. v. PLEMMONS.
### (8 Div. 491.)

(Supreme Court of Alabama. June 7, 1923.)

1. Appeal and error ⚖══879—Defendants not appealing may join in appeal by another defendant and assign error.

Under Code 1907, § 2884, as amended by Gen. Acts 1911, p. 589, defendants not appealing from a judgment against them may join in another defendant's appeal, and assign error.

2. Appeal and error ⚖══1170(7)—Evidence ⚖══317(1)—Admission of hearsay evidence of conversation between husband and wife held error, but not prejudicial.

In a suit for wrongfully taking plaintiff's property under a writ of attachment against her husband, admission of plaintiff's testimony that she was informed by her husband that the sheriff was going to make a levy *held* erroneous, being hearsay, but not reversible error, in view of rule 45 (175 Ala. xxi, 61 South. ix).

3. Appeal and error ⚖══1053(3)—Attachment ⚖══374—Admission of evidence as to woman's weak condition, etc., when her property was levied on under attachment against husband held error, and not cured by instruction.

In an action for wrongfully taking plaintiff's property under a writ of attachment against her husband, admission of plaintiff's testimony that she was in a very weak condition when she left home on the morning of the levy, that it was "right cold" on that day, that her children were living with her at her home, and that she had been married 12 years, *held* reversible error, as calculated to create sympathy for plaintiff, though the court charged the jury that she could not recover punitive damages.

4. Attachment ⚖══374—Affidavit, claim bond, order quashing it, and indemnifying bond held admissible in suit for wrongful attachment.

In a suit for wrongfully taking plaintiff's property under attachment against her husband, the affidavit, plaintiff's claim bond, an order quashing it on defendant's motion, and the latter's indemnifying bond *held* relevant to show that defendant knew that plaintiff claimed some of the property, and induced the sheriff to levy the writ on it, and as tending to show the sheriff's liability for any trespass or wrong committed by him in making the levy.

5. Husband and wife ⚖══149(1)—Wife's wearing apparel is separate property, though acquired with husband's funds.

Under Code 1907, §§ 4486, 4488, a wife's wearing apparel, whether acquired by her husband with his own funds or otherwise, is her separate property, and not subject to the husband's liabilities.

6. Attachment ⚖══380—Instruction held erroneous as authorizing recovery of property not sued for in complaint.

In a suit for wrongfully taking plaintiff's property under a writ of attachment against her husband, an instruction to find for plaintiff if any of the property taken belonged to her *held* erroneous as allowing her to recover property not sued for in the complaint.

7. Attachment ⚖══374—Refusal of general affirmative charge with hypothesis for alleged surety on sheriff's bond held erroneous.

In suit for wrongful attachment, where there was no evidence that the alleged surety on the sheriff's bond was such, or that it had any connection with the levy of the writ or with the case, the court erred in refusing the general affirmative charge with hypothesis in its favor; the burden of proof resting on plaintiff.

8. Appeal and error ⚖══843(1)—Matters which may not arise on new trial or will be presented in different form not discussed.

Matters which may not arise on another trial or will be presented in different form need not be discussed where the judgment is reversed and the cause remanded.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Action by Lillian M. Plemmons against the New Morgan County Building & Loan Association and others. From a judgment for plaintiff, the named defendant appeals. Transferred from the Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

E. W. Godbey, of Decatur, for appellant.

It is error to permit recovery of wearing apparel in the absence of evidence of its value. Stewart & Bros. v. Harris, etc., Co., 6 Ala. App. 518, 60 South. 446. Plaintiff's conduct in absenting herself when the sheriff made the levy was such a consent to the taking as precludes the commission of a trespass. Plott v. Robertson (Ala.) 39 South. 771: L. & N. R. Co. v. Bartee, 204 Ala. 539, 86 South. 395, 12 A. L. R. 251. The court erred in permitting plaintiff to testify that she was feeling badly when the levy was made. T. C. I. Co. v. Spicer, 206 Ala. 141, 89 South. 296; Sugar Valley Land Co. v. Johnson, 17 Ala. App. 409, 85 South. 873.

Sample & Kilpatrick, of Hartsells, for appellee.

Evidence of plaintiff's physical condition, etc., was relevant. But, if not, its effect was removed by the court's charge eliminating punitive damages. Walker & Co. v. Norris, 10 Ala. App. 515, 63 South. 935; Friedenthal v. Goodloe, 202 Ala. 611, 81 South. 553.

MILLER, J. This is a suit by Lillian M. Plemmons against the New Morgan County Building & Loan Association, a corporation, J. V. May, and the National Surety Company, a corporation, for damages for wrongfully taking certain household and kitchen furniture described in the complaint, property of plaintiff, by a levy under a writ of attachment issued in favor of the New Mor-

⚖══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

gan County Building & Loan Association and against the estate of R. G. Plemmons.

The complaint avers the property mentioned in the complaint belonged to plaintiff; that J. V. May was sheriff of the county, and under the writ of attachment wrongfully levied on it, and took it as the property of R. G. Plemmons, and that the defendant National Surety Company was the surety on the official bond of the sheriff May at the time of the levy, and that the defendant New Morgan County Building & Loan Association was plaintiff in the attachment suit, and directed the sheriff to seize and take the property under the writ. There were four counts in the complaint, counts 1, 2, and 3 being submitted to the jury. Count 4 went out under the general oral charge of the court and by the general affirmative charge with hypothesis in favor of the defendants, which was requested in writing and given by the court as to this count. The defendants pleaded "general issue in short, with leave to give in evidence any matter that would be a good defense, if specially pleaded."

[1] The jury returned a verdict in favor of the plaintiff against all of the defendants. Only one defendant appealed from the judgment rendered by the court on the verdict; but the other two defendants appear in this court and jointly and severally assign errors. An appeal was taken in this case from the judgment by only one defendant, the New Morgan County Building & Loan Association, when the judgment was against three defendants. This is permissible under our statute, and the other two defendants, or either of them, may, as these two defendants did, appear in this court, join in the appeal, and assign errors. Section 2884, Code 1907, as amended Gen. Acts 1911, p. 589; L. & N. R. R. Co. v. Shikle, 206 Ala. 494, headnote 8, 90 South. 900; City of Birmingham v. Hawkins, 196 Ala. 127, headnote 7, 72 South. 25.

The New Morgan County Building & Loan Association sued out, by making affidavit and giving bond, a writ of attachment against R. G. Plemmons, to collect $90 rent for a dwelling occupied and rented by him. The writ of attachment was issued by the clerk of the Morgan county court, and it was executed by the sheriff by levying on certain household, kitchen, and dining room furniture in this house as the property of the defendant in the attachment suit. The plaintiff in this case, wife of defendant in the attachment suit, made affidavit and gave bond, claiming most of the property attached. The court, on motion of plaintiff in the attachment suit, quashed the claim bond because it was insufficient. The claimant in that suit, plaintiff in this, failed to give another claim bond; the court issued an alias writ of attachment, and it was executed by the sheriff's deputy by relevying on

210 ALA.—2

practically the same property after an indemnifying bond was given the sheriff by the plaintiff in the attachment suit. The deputy sheriff, witness for the plaintiff, testified in substance that the defendant in the attachment suit requested him not to go to the house to make the levy until 10 o'clock on April 7th, so his wife, the plaintiff in this suit, who was nervous, could remove all the wearing apparel belonging to himself and children from the house. This was granted by the deputy. When the levy was made the plaintiff was not present, having gone to her sister's, but her husband was present.

[2] The plaintiff was asked this question, over objection of defendants:

"Were you informed that the sheriff was going to make a levy on that property before you left home that morning?"

The court refused to exclude from the jury the following answer to it:

"Yes, sir; I was informed by Mr. Plemmons telling me."

This was clearly hearsay evidence. It was a conversation or talk between husband and wife, with none of the defendants present. The court erred in these rulings; but we see no injury to the rights of defendants by this evidence. 6 Michie's Dig. Hearsay Evi. p. 257, § 228 (1); rule 45 (175 Ala. xxi, 61 South. ix).

[3] The following question was asked her over objection of defendants, and the motion to exclude the answer was overruled by the court:

"Just prior to that and between the time you made this affidavit and bond, had you suffered from any ailment?"

She answered, "Yes, sir." The property was levied on under the alias writ of attachment about 10 o'clock on the morning of April 7th. The plaintiff testified:

"I was not able to sit up all day long without lying down; in a very weak condition at the time I left home on the morning of April 7th, between 9 and 10 o'clock," and, "as well as I remember, it was right cold on that day. * * * My children were living with me at my home. I have been married 12 years."

The defendants objected to each of the questions calling for the above testimony of plaintiff, and moved to exclude each answer. The court overruled all of the objections and refused all of the motions. This testimony shed no light on whether the property levied on and claimed in this suit to be the property of the plaintiff belonged to her or her husband, the defendant in the attachment writ. It did not logically tend to prove or disprove the issue submitted to the jury. Some of this evidence was calculated to create sympathy for plaintiff, and prejudice the cause of defendants; and,

in our opinion, it probably injuriously affected substantial rights of defendants, and it was not cured by the court charging the jury that plaintiff could not recover punitive damages. 6 Michie's Dig. Evi. p. 68, § 67 (1); rule 45.

[4] The court did not err in admitting in evidence the affidavit, claim bond, made by plaintiff, the order of the court quashing the bond on motion of plaintiff in attachment, and the indemnifying bond given the sheriff by the plaintiff in the attachment. They are relevant to show, that plaintiff in the attachment, a defendant in this suit, knew Mrs. Plemmons claimed some of this property, and induced the sheriff to levy the writ of attachment on it by making the bond of indemnity. If a trespass or wrong was committed by the sheriff in making the levy, it tended to show he was also liable for it. Brock v. Berry, etc., Co., 132 Ala. 95, headnote 6, 31 South. 519, 90 Am. St. Rep. 896.

[5] The wearing apparel of the wife, however acquired, is her separate property. Section 4488, Code 1907. The separate property of the wife is not subject to the liabilities of the husband. Section 4486, Code 1907. So the court properly refused this written charge numbered 50, requested by appellants:

"The plaintiff cannot recover on account of any wearing apparel or personal belongings bought for her by her husband with his own funds."

[6] The court gave the jury the following written charge requested by plaintiff:

"If any part of the property taken under the writ of attachment belonged to the plaintiff, then your verdict should be for the plaintiff."

This charge gave the plaintiff the right to recover, if any of the property levied on belonged to her, whether she sued for it or not in the complaint; and it should not have been given by the court.

[7] The National Surety Company, a defendant in this case, requested in writing in its favor the general affirmative charge with hypothesis, which charge the court refused. This was error, as it should have been given. We find no evidence in this case that this defendant was surety on the official bond of the codefendant, May, who was sheriff of the county, and we find no evidence tending to show it had any connection with the levy of the alias writ of attachment; nor do we find evidence indicating it had any connection with this case. The complaint contains an averment that it was surety on the bond of May, the sheriff of the county. This is put in issue by the pleas of the defendant; the burden of proof rested on the plaintiff, and, as there is no proof of it in the record, this charge should have been given by the court. Alexander v.

W. O. W., 161 Ala. 561, 49 South. 883, headnote 6.

[8] There are other errors assigned and insisted on by appellant. We need not discuss and pass on them, as the judgment must be reversed, and the cause remanded, and these matters may not arise on another trial; if they do, they will be presented no doubt in different form.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.