(106 So. 223)

### GLENN v. GLENN.    (8 Div. 228.)

(Court of Appeals of Alabama. April 7, 1925. Rehearing Denied May 19, 1925. Affirmed after Certiorari Aug. 4, 1925. Rehearing Denied Oct. 27, 1925.)

1. **Appeal and error** &#8509;430(1), 509—**Code requiring citation of appeal and filing of certificate held mandatory.**

Provisions of Code 1907, § 2881, requiring that a citation of appeal be issued to adverse party, and section 6245, requiring filing of certificate of appeal by appellant, are mandatory, and, where not complied with, appeal must be dismissed.

### On Reinstatement of Appeal.

2. **Divorce** &#8509;312—**Decision of trial court awarding custody of children to mother not interfered with, unless against weight of evidence.**

Decision of trial court awarding custody of children to mother will not be interfered with, unless it affirmatively appears that it was palpably wrong and against the great weight or preponderance of evidence.

---

&#8509;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 214 Ala. 2.

**3. Habeas corpus ⊙⇒99(1)—In proceedings to determine custody of children, technicalities overlooked, unless controlling.**

In habeas corpus proceedings to determine custody of children, technicalities upon pleadings and other matters, unless absolutely controlling, should not govern, and cause should be heard when possible on merits.

Appeal from Probate Court, Lauderdale County; J. I. McClure, Judge.

Proceeding by habeas corpus, instituted by Letha Glenn against Grover Glenn, for custody and control of minor children. From a judgment for petitioner, respondent appeals. Affirmed.

Certiorari granted by Supreme Court in Ex parte Glenn, 214 Ala. 1, 106 So. 228.

Certiorari denied by Supreme Court on subsequent petition, in Ex parte Glenn, 214 Ala. 6, 106 So. 229.

Simpson & Simpson, of Florence, and James J. Mayfield, of Montgomery, for appellant.

Neither citation nor written notice is necessary, where the parties in writing waive citation and notice of appeal, as was done in this case. Kellam's Heirs v. Costley, 52 Ala. 32; Myers v. Segars, 41 Ala. 383; Mobile Ins. Co. v. Cleveland, 76 Ala. 321; Bolling v. Jones, 67 Ala. 508; Cooper v. Maclin's Heirs, 25 Ala. 298; Kimbrell v. Rogers, 90 Ala. 339, 7 So. 241; Newton v. Ala. Mid. R. Co., 99 Ala. 468, 13 So. 259. The father has a superior right to the custody of the child. Unless the evidence shows he is dissolute, or morally or financially unfit to support the child, he should not be deprived of its custody. Neville v. Read, 134 Ala. 320, 32 So. 659, 92 Am. St. Rep. 35; Kirkbridge v. Harvey, 139 Ala. 233, 35 So. 848; Ex parte Boaz, 31 Ala. 427.

Bradshaw & Barnett, of Florence, for appellee.

The record does not show any citation or notice of appeal, issued and served upon the adverse party, nor any appearance entered by or for any one as appellee. Hence the appeal must be dismissed. Code 1907, §§ 2881, 6245, 6247; Eutaw, etc., Co. v. McGee, 16 Ala. App. 258, 76 So. 990; Frierson v. Haley, 1 Ala. App. 576, 55 So. 429; Ex parte Rutledge, 118 Ala. 651, 24 So. 1004; Hurd v. Troy, 170 Ala. 113, 54 So. 495; Oliver v. Kennedy, 173 Ala. 601, 56 So. 203. An acknowledgment of service does not waive issuance of process. Welch v. Walker, 4 Port. (Ala.) 120; Earbee v. Ware, 9 Port. (Ala.) 291. The mother has the same right as the father to present a petition for custody of children. Code 1923, § 4310. The best interest and welfare of the child is the primary consideration in cases of this kind. 8 Michie's Ala. Dig. 16; Brown v. Brown, 2 Ala. App. 461, 56 So. 589; Saunders v. Saunders, 166 Ala. 351, 52 So. 310. The conclusion of the trial judge, who saw and heard the witnesses, should not be disturbed in this case. State v. Margo, 18 Ala. App. 162, 89 So. 860; State v. Cauthen, 18 Ala. App. 75, 88 So. 63; State v. Lee, 19 Ala. App. 71, 94 So. 839.

BRICKEN, P. J. We gather from the transcript before us that the purported appellant and appellee are, respectively, the father and mother of Lorene Glenn, age 5, and Floy Glenn, age 4, at the time of this trial. Both of the children are girls, and the appellee, petitioner in the court below, sought by said proceedings (habeas corpus) to have the custody of the two children awarded to her.

Upon the hearing, the petition was granted, and the mother, petitioner, was given the custody of the two children in question; the decree of the court providing:

"This cause is retained for the future control and modification by the court, as subsequent conditions and circumstances might require for the good and best interest of the said Floy Glenn and Lorene Glenn."

A bill of exceptions was prepared and presented to Hon. J. I. McClure, judge of probate, who tried the case, and it was signed by him.

[1] Upon an examination of the transcript, we find that no citation of appeal was ever issued to the adverse party, nor does there appear to have been filed in this court a certificate of appeal, as the law requires. Section 2881, Code 1907, expressly provides:

"Upon an appeal being taken, * * * the judge of probate, must issue a citation to the adverse party, returnable to the day to which the appeal is returnable, notifying him of the appeal, which must be served on him, or his attorney, or solicitor, at least ten days * * * before the day to which the appeal is returnable."

Section 6245, Code 1907, among other things, provides:

"Any party aggrieved by the judgment on the trial of a habeas corpus may appeal. * * *"

And, when an appeal is taken under this section, the transcript of the record and certificate of appeal must, without delay, be transmitted to this court.

As above stated there is nothing in this record to indicate a compliance with the above statutory requirements which are mandatory, and the uniform decisions are in this state, where no citation of appeal or certificate of appeal has been issued or sent up, the purported appeal cannot be maintained and must be dismissed.

In the case of Eutaw I. W. and Power Co. v. McGee, 16 Ala. App. 258, 76 So. 990, this court said:

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"The record fails to show that any citation or notice of appeal was issued or served upon any adverse party as required by Code, § 2881, and no appearance is entered in this court by or for any one as appellee. There is not before this court any adverse party against whom judgment could be rendered in the event of a reversal."

Upon this authority, as well as many others which could be cited, the appeal in this case must be dismissed. Williams v. Harper, 95 Ala. 610, 10 So. 327; Miller v. Parker, 47 Ala. 312; Frierson v. Haley, 1 Ala. App. 576, 55 So. 429; Ex parte Rutledge et al., 118 Ala. 651, 24 So. 1004; Hurd v. City of Troy, 170 Ala. 113, 54 So. 495.

For the reasons stated, this cause is stricken from the docket of this court.

Cause stricken from docket.

### On Reinstatement of Appeal.

Upon the original consideration of this appeal, but one question was considered and determined, and this court by its decision ordered the cause stricken from the docket on the grounds that the record failed to show affirmatively that service of citation of appeal had been made upon appellee. This court at the time had noted and considered a purported indorsement on the record in manuscript, to wit:

"We, the undersigned, acknowledge notice of this appeal by respondent Letha Glenn. Witness this 15th day May, 1924. Bradshaw & Barnett & W. J. Lamb, Solicitors for Petitioner, Letha Glenn."

The entire transcript was typewritten, except this particular indorsement, and such indorsement in this condition is the first of its kind that has ever been brought to the attention of this court. The records submitted here are prepared as the law requires by the clerk of the court, and certainly do not as a rule contain original indorsements in the purported handwriting of counsel, as in this instance. Knowledge of the above purported indorsement was disclaimed by counsel for petitioner, who stated in brief:

"The writer has handled this cause from the beginning, and has no independent recollection of this acknowledgment and there is no such acknowledgment on the copy of the transcript delivered to the appellee."

As contra to this statement counsel for appellant stated in brief:

"The senior member of this firm, who is writing this brief, knows it to be a fact that the above acknowledgment was duly made by the attorneys above mentioned and signed by them."

This court took the position that he who claims error must affirmatively show error, and is under the duty to see that the transcript upon appeal is regular in all respects; that the cursory statement in brief by appellant's counsel, without proof, was insufficient to establish to the appellate court the fact in controversy, and had failed to meet the onus resting upon appellant in this connection. However, on certiorari to the Supreme Court, that court took a different view of the status of this matter and granted the writ. The cause is again before this court for its consideration upon the merits.

It appears that appellant and appellee are, respectively, the father and mother of Lorene Glenn, age 5, and Floy Glenn, age 4—that is, they were of this age at the time of the trial of this cause in the court below—that both of the children are girls, and the appellee, petitioner in the court below, sought by said proceedings (habeas corpus) to have the custody of the two children awarded to her. Upon the hearing of the cause, the prayer in her petition was granted, and the mother was given the custody of the two children in question. However, the decree of the court provided:

"This cause is retained for future control and modification by the court, as subsequent conditions and circumstances might require for the good and best interest of the said Floy Glenn and Lorene Glenn."

In brief of counsel for appellee, the following is shown as a statement of fact:

"The controverted question in this case is whether it is the best interest of Floy Glenn, age 4, and Lorene, age 5, the children of the appellant and the appellee, that the appellant or the appellee have their custody, care, and control. These two little girls were living in their home with their father and mother, the appellant and appellee, respectively, in Florence, Lauderdale county, Ala., and were in school at Florence until the appellant slipped them away. The appellant and the appellee had moved here from Mississippi with these two little girls. He had rented a home here, and was maintaining the same. He slipped the children away without the knowledge of the mother and carried them to Mississippi. The writ was served upon the appellant at Florence, Ala., by the sheriff of Lauderdale county, Ala."

In proceedings of this character the primary consideration is the welfare of the child (or children, as here) in controversy; however, this is not always controlling in determining whether the custody assailed shall be disturbed.

On this appeal, several errors are assigned, but, as usual in cases of this character, the principal question for our consideration is whether or not the trial court committed error, under all the facts adduced, in awarding the custody of the children to their mother, the petitioner. This question is presented by the last assignment of error.

[2, 3] We have given careful and attentive consideration to all the evidence in this case, and have reached the conclusion that the trial judge rendered the correct decision. He saw and heard the witnesses, and was thereby better enabled than this court could possi-

bly be to form a correct decision as to the controversy involved in these proceedings. Unless it affirmatively appears that his conclusion is palpably wrong and against the great weight or preponderance of the evidence, we would not feel justified in reversing the action of the lower court, and certainly this by no means appears. The judgment of the lower court is affirmed in all things. We think the court's rulings upon the plea in abatement, and upon the evidence, were without error. It affirmatively appears that each party to this controversy was accorded full and ample opportunity to present evidence in support of the respective insistences. In proceedings of this nature, technicalities upon pleadings and other matters, unless absolutely controlling, should not govern. The cause should be heard when possible upon its merits. It appears to have been so heard in this case in the court below, and ve shall not disturb the manifest conservative findings of the court as shown in this record.

Affirmed.