162 So. 408

## GRANADE v. STANFORD BROS.

1 Div. 212.

Court of Appeals of Alabama.

June 25, 1935.

Granade & Granade, of Chatom, for appellant.

W. J. Dansby, of Butler, for appellee.

BRICKEN, Presiding Judge.

The record in this case presents an unusual status. It appears therefrom that this suit was commenced by the filing of the summons and complaint on February 17, 1930, and that service was had on that date. The case was tried and determined in the lower court on the 15th day of March, 1932, and resulted in a verdict and judgment for plaintiff. The defendant filed his motion to set aside the verdict and grant him a new trial on March 16, 1932; and it appears that said motion was overruled on the 23d day of December 1932, it having been regularly continued from time to time until that day. Within the time allowed by law, defendant presented his bill of exceptions to the trial judge on February 16, 1933, and same was approved and signed by the trial judge on February 22, 1933. The transcript was filed in this court on April 4, 1935. It contains no citation of appeal. Nor is there a certificate of appeal filed in this court.

Upon submission in this court, counsel for appellees, appearing specially for that purpose, filed the following motion in writing:

"Appellees, Stanford Brothers, make this their motion to dismiss the appeal in the above styled cause and, for grounds of said motion, assign the following:

"1. The Transcript was not filed with the Clerk of the Court of Appeals of Alabama within the time prescribed by law.

"2. The judgment in this cause was rendered in the Circuit Court in Spring Term 1932, the bill of exceptions was approved Feb. 22, 1933, the appeal bond was approved Feb. 3, 1933, no citation of appeal was served so far as the record shows, no certificate of appeal was filed in the Court of Appeals, and the transcript was not filed with the Clerk of the Court of Appeals of Alabama until April 4, 1935.

"3. The bill of exceptions in this cause was approved Feb. 22, 1933, the transcript was not filed with the Clerk of the Court of Appeals of Alabama until April 4, 1935, and no satisfactory excuse is shown for the delay in the filing of said transcript.

"4. The bill of exceptions in this cause was approved Feb. 22, 1933, the transcript was not filed with the Clerk of the Court of Appeals of Alabama until April 4, 1935, and no good cause is shown to the Court by affidavit why said transcript was not filed within the time prescribed by law.

"This April 4, 1935."

In presenting and insisting upon the foregoing motion, which has been seasonably made, appellees by their able counsel are within their legal rights under the provisions of the several statutes bearing upon the questions involved, and also under the rules of the appellate courts of this state to which it is the duty of this court to conform.

In support of the motion, attorneys for appellees have filed their affidavit, which is as follows:

"State of Alabama Choctaw County

"Before me, Jeanne Moseley, a Notary Public in and for said State and County, personally appeared W. J. Dansby and O. L. Gray, who being by me duly sworn, depose and say as follows: that on March 14, 1932, they were partners at law under the firm name of Gray & Dansby, and the said O. L. Gray represented the appellees (complainants in the lower court) in a suit against the appellant, in the Circuit Court of Washington County, Alabama, which said cause was tried at the regular term at Chatom in 1932; that no citation of appeal to the Court of Appeals or the Supreme Court of Alabama has ever been served on either of the undersigned in the above cause now pending in the Court of Appeals; that neither of the undersigned has ever received any citation of appeal in said cause.

"W. J. Dansby
"O. L. Gray

"Sworn to and subscribed before me this 30th day of April, 1935.

"[Seal] Jeanne Moseley
"Notary Public."

The facts disclosed by the foregoing affidavit are without conflict or dispute.

Section 6129 of the Code 1923 provides: "Unless otherwise provided, an appeal to the supreme court or court of appeals is returnable to the first Monday after the expiration of sixty days after signing or establishing the bill of exceptions," etc.

■ Section 6140 of the Code 1923 provides: "Upon an appeal being taken, the register, or clerk of the circuit court, * * * must issue a citation to the adverse party, returnable to the day to which the appeal is returnable, notifying him of the appeal, which must be served on him, or his attorney, or solicitor, at least ten days (unless otherwise provided) before the day to which the appeal is returnable." See, also, section 6106 of the Code 1923, and Supreme Court rules 26, 30.

The failure to comply with section 6140, supra, under the uniform decisions of this court and the Supreme Court, necessitates the dismissal of the appeal. The rule is, where the record failed to disclose that notice of appeal was served on appellees, the appeal will be dismissed by the appellate courts ex mero motu, in the absence of voluntary appearance by appellees in the appellate court, since no appeal can be maintained to final judgment without an appellee. State ex rel. Lynne v. Gurley, 217 Ala. 666, 117 So. 297. In that case the Supreme Court said:

"A due notice of appeal is necessary to bring in the party in adverse interest not joining in or taking an appeal, and, failing in this, and there being no voluntary appearance in the appellate court of such adverse party or parties (Louisville & N. R. Co. v. Shikle, 206 Ala. 494, 90 So. 900), the failure is that of jurisdiction in this court to proceed to judgment against such parties not brought in or not appearing (Chandler v. Home Loan Co., 211 Ala. 80, 99 So. 723; New Morgan County B. & L. Ass'n v. Plemmons, 210 Ala. 16, 97 So. 46; Smith v. Collier, 210 Ala. 23, 97 So. 101).

"Such a defect is taken by this court ex mero motu. For the failure of the record

470

to show such due notice or appearance here, the appeal is dismissed; all the parties in interest are not before this court. Sherrod v. McGruder, supra [209 Ala. 260, 96 So. 78]; Louisville & N. R. Co. v. Shikle, 206 Ala. 494, 497, 90 So. 900. Citation or notice of appearance here is necessary as no appeal can be duly maintained to final judgment here without appellee. Griffin v. Milligan, 177 Ala. 57, 58 So. 257; Williams v. Harper, 95 Ala. 610, 10 So. 327; Miller v. Parker's Adm'rs, 47 Ala. 312.

"Dismissed by the court ex mero motu."

■ On the question of failure to file the transcript within the time required by law, appellant urges this court not to dismiss the appeal for this reason, and offers his affidavit, hereinafter set out, as a satisfactory excuse for the delay. Paragraphs 3 and 4 of said affidavit are as follows:

"(3) That commencing with the month of July 1928, and including the years 1932 and 1933, owing to the depressed financial condition of affiant's clients he was unable to earn a livelihood and maintain an efficient law office for the practice of law, and that during the entire period of the year 1932 and the major portion of the year 1933, and thereafter, he was compelled to leave his law office and earn his livelihood at the vocation of farming. That he was unable to give the proper attention to the prosecution of this appeal and support his family, and was compelled to neglect his law practice, which was the cause of the delay and the neglect in filing the transcript and brief in the above cause in the Court of Appeals in Alabama, until such late date as they were filed;

"(4) Affiant further says that the delay in this cause should not be charged to appellant, but to the necessities of his counsel, and that appellant himself became almost insolvent during said period, and that only within the past few months, has affiant's law practice returned to a condition where he was able financially to give it proper attention, and that since said conditions have changed, he has made diligent effort to prosecute this appeal."

This court in its consideration of the foregoing excerpts from the affidavit of appellant's counsel, a man known to us as of high character and integrity, can but express our sympathy and compassion at the darkened epoch of his legal career as there depicted. We likewise rejoice with him, and offer our congratulations, that the dark clouds have lifted and rolled away, and that under present conditions the sun is shining brightly from a clear sky upon him. But we necessarily recognize, and therefore conclude, that our sympathies and compassion, in this connection, cannot be substituted for the clearly defined duty devolving upon us in our official capacity in passing finally upon the right of property between man and man, and also the clear legal rights of all litigants. On the contrary we must apply the law as it is written for our guidance. In so doing here, we perforce must hold that for the reasons stated the appeal in this case must be, and is, dismissed.

Appeal dismissed.